Florence Kerby, Appellee, v. Chicago Motor Coach Company, a Corporation, and La Salle National Bank, a National Banking Association, Administrator De Bonis Non With the Will Annexed of the Estate of Thomas L. Deuell, Deceased, Appellants.

## Gen. No. 48,104.

First District, Second Division.

December 20, 1960.

Michael A. Gerrard, of Chicago, for appellant.

Baskin & Server, of Chicago (Reginald A. Barnett, David H. Addis, C. D. Snewind and Edward J. Fleming, of counsel) for appellee.

MR. JUSTICE FRIEND delivered the opinion of the court:

The plaintiff, Florence Kerby, brought suit against the Chicago Motor Coach Company and La Salle National Bank, administrator de bonis non with the will annexed of the estate of Thomas L. Deuell, deceased, for personal injuries sustained when the automobile driven by Deuell ran into the Motor Coach Company bus in which plaintiff was riding as a passenger. The jury returned a verdict finding the bank guilty and assessing plaintiff's damages in the sum of $16,250.00; also finding the Motor Coach Company guilty and assessing plaintiff's damages against it in the sum of $8,750.00. On January 12, 1960 judgment was entered on the verdicts, but on the following day the judgment was vacated and the cause resubmitted to the jury which returned a joint verdict of guilty, assessing plaintiff's damages against both defendants at $25,-000.00, upon which judgment was entered. Only the Motor Coach Company is prosecuting an appeal.

The accident occurred about six o'clock at night on November 26, 1951 at the intersection of Madison and La Salle streets. The weather was clear, the streets dry, and the traffic at its usual heavy rush-hour volume. The bus was moving in a westerly direction on Madison Street and on a green light proceeded to cross the La Salle Street intersection. It had completely cleared the intersection and its rear end was well past the west walk of La Salle Street when it was hit toward the rear by a passenger car. Deuell's car, proceeding in the western-most lane, was going north on La Salle Street against southbound traffic, struck the southwest curb of the La Salle Madison intersection, entered the intersection on a red light, and then struck the bus. Deuell was slumped over the wheel; in its answer the bank averred that he had suffered a heart attack. At the moment of impact, the bus driver stopped his vehicle almost instantaneously; plaintiff, who was seated on the right-hand side of the bus (the side away from the point of impact), was thrown into the aisle and sustained a knee injury which later required surgery.

The only eyewitness, Ernest Costa, testified that at the time of the occurrence he was a sixteen-year old student employed part time at the newspaper stand at Madison and La Salle streets. He was standing on the southwest corner and was facing northeast; his attention was attracted when he saw the Deuell car "jump off the curb and run through the red light." As the car passed him, he noticed that the driver "was slumped over the wheel . . . He had no control of the car." Costa stated that the passenger car came in contact with the left rear wheel of the bus just as it was going past the west curb of La Salle Street at about twelve to fifteen miles per hour. He was of the opinion that the automobile was going faster than the bus. After the collision, the bus, he said, "stopped, almost

dead. . . . The collision did not move the bus sideways at all." Inasmuch as the accident occurred during the rush hour, both vehicular and pedestrian traffic was heavy; pedestrians were crossing Madison Street when the two vehicles collided. Photographs taken by newspaper cameramen immediately after the accident and received in evidence clearly show that the bus had completed its crossing of the intersection, and that its rear end was well past the west crosswalk of La Salle Street and had come to a stop in the lane closest to the north curb of Madison Street, heading in a westerly direction. Deuell's automobile came to rest against the bus at an angle indicating that it had turned slightly west and, as counsel for the Motor Coach Company states, "had . . . virtually chased the bus in order to make contact with it."

■ ■ In her complaint plaintiff charges specific negligence in four particulars: (1) the speed of the bus was excessive; (2) the bus was not under proper control; (3) it stopped so abruptly as to cause the injury; and (4) defendant failed to equip the bus with proper devices and safeguards. On appeal plaintiff seeks to invoke the doctrine of res ipsa loquitur. This doctrine may not be invoked where specific charges of negligence are made and where a plaintiff undertakes to prove specific negligence, as in the case at bar; accordingly, it can have no application here. Bollenbach v. Bloomenthal, 341 Ill. 539, 546, 173 N. E. 670 (1930); Jackson v. 919 Corp., 344 Ill. App. 519, 528–529, 101 N.E.2d 594 (1950); Simmons v. South Shore Hospital, 340 Ill. App. 153, 156, 91 N.E.2d 135 (1950). Plaintiff did not rely on the doctrine in the trial of the case; no instructions were given indicating that the doctrine was invoked. Moreover, it has been held that the control of the defendant over the instrumentality causing the injury must be exclusive in character in order to render the doctrine applicable; where there

262

is a divided responsibility the doctrine does not apply. Kirchner v. Kuhlman, 334 Ill. App. 339, 345, 79 N.E. 2d 628 (1948); Letush v. New York Cent. R. Co., 267 Ill. App. 526, 536 (1932).

▮▮▮ Since the bank as administrator has not appealed from the judgment, the question presented is whether there was any evidence of negligence on the part of the Motor Coach Company which would justify submission to the jury of the case against it. There is substantially no dispute as to the salient facts; the disagreement arises with reference to their interpretation. Plaintiff argues that the proximate cause of her injury was the abrupt stop of the bus after the collision, and charges that the driver was negligent in making such an abrupt stop. After the bus driver had crossed the La Salle Street intersection on a green light, he had no reason to anticipate that he would be hit by an automobile out of control. After being hit, his only recourse was to stop as quickly as possible. A common carrier owes its riders the highest degree of care consistent with the practical operation of its vehicles, but it cannot be an absolute insurer of the safety of its passengers. An injury is not actionable if it was not foreseen, or could not have been foreseen or reasonably anticipated. The Letush case cited above with reference to the res ipsa loquitur doctrine is closely similar to this case on the facts and is applicable in a consideration of negligence. There plaintiff was injured as a result of the suddenness with which the engineer stopped the train in a futile effort to avoid a collision with an unoccupied automobile on the track. In reversing the trial court's judgment in favor of plaintiff, the court said (p. 537): "In Chicago Union Traction Co. v. Browdy, 206 Ill. 615, 618, it is said: 'The law seems to be well settled that where the alleged negligence of a servant consists of an omission of duty suddenly and unexpectedly arising, it is in-

263

cumbent on the plaintiff to show that the circumstances were such that the servant of defendant had an opportunity to become conscious of the facts giving rise to the duty, and a reasonable opportunity to perform it, before the master can be held liable.' There is no evidence in this record showing that the engineer . . . should have seen the signals or object on his track, or should or could have stopped his train, before he did. Furthermore, the law does not require of a common carrier 'unreasonable or impracticable vigilance.' (Frink v. Potter, 17 Ill. 406, 412; Grubczak v. Chicago Rys. Co., 242 Ill. App. 384, 388.)" Cases in other jurisdictions are to the same effect; see Payne v. City of New York, 277 N. Y. 393, 14 N.E.2d 449, 450 (1938), and Illinois Cent. R. R. v. Nichols, 173 Tenn. 602, 118 S.W.2d 213 (1938), where the court said (p. 217): "Negligence consists in a failure to provide against the ordinary occurrences of life, and the fact that the provision made . . . is insufficient as against an event such as might happen once in a life time . . . does not make out a case of actionable negligence. . . . As said by Mr. Justice Holmes, when on the Massachusetts Court, 'If men were held answerable for everything they did which was dangerous in fact, they would be held for all their acts from which harm in fact ensued. . . .' Com. v. Pierce, 138 Mass. 165, 52 Am. Rep. 264." See also 38 Am. Jur., Negligence § 23–24.

■ Proximate cause is an act that immediately causes or fails to prevent an injury that might reasonably have been anticipated from the act or omission charged, and the test is to be found in the probably injurious consequences which were to be anticipated rather than in the number of subsequent events or agencies which might arise to bring about such consequences. The proximate cause of an accident is the precipitating cause; here the accident was unquestion-

ably caused by the unpredictable course taken by a car out of control. See Berg v. New York Cent. R., 391 Ill. 52, 63–64, 62 N.E.2d 676 (1945); Denham v. La Salle-Madison Hotel Co., 168 F.2d 576, 579–583 (1948). In the light of common experience, it would be unreasonable to expect the driver of the bus to foresee or anticipate that, having crossed the heavily traveled La Salle Madison intersection, his bus would be struck by a driverless vehicle.

Counsel for defendant argues that it was reversible error on the part of the trial court to resubmit the case to the jury without proper notice to counsel, and to instruct the jury orally in the absence of an agreement so to do. However, in the view we take, it will be unnecessary to pass upon these points.

Upon the undisputed evidence presented, the court should have allowed the Motor Coach Company's motion for a directed verdict, or granted its post-trial motion for judgment non obstante veredicto or for a new trial. Accordingly, the judgment of the Superior Court against the Chicago Motor Coach Company is reversed and the cause remanded with directions that judgment be entered in its favor notwithstanding the verdict.

Judgment against Chicago Motor Coach Company reversed and cause remanded with directions.

BURKE, P. J. and BRYANT, J., concur.