Robert Metz and Stella Metz, Plaintiffs-Appellees, v. Central Illinois Electric and Gas Company, an Illinois Corporation, Defendant-Appellant.

Gen. No. 11,864.

Second District.

June 15, 1964.

Hyer, Gill & Brown, of Rockford, for appellant.

Berry & Simmons, of Rockford (Bernard F. Healy, Jr., of counsel), for appellees.

MORAN, J.

This is a property damage case arising out of a gas explosion which destroyed the plaintiffs' home. The case was tried before a jury, and the defendant appeals from a judgment on the verdict of $14,200.

In 1948, the defendant, Central Illinois Electric and Gas Company, laid a natural gas main in front of the house at 701 Loves Park Drive, Loves Park, Illinois. The main was buried forty-six inches underground, in the parkway between the sidewalk and the black-top portion of the street. The plaintiffs moved into the house in 1951.

The defendant did no work in the vicinity of the gas main between the time of its installation and the date of the explosion, other than to perform regular

tests and inspections for gas leaks, all of which had proved negative. However, other persons had done work in the area of the gas main. In 1955, the Rocko Construction Company installed the water main for the City of Loves Park, and ran a water service pipe from the main to a shutoff valve or stub in front of the plaintiffs' home. The service pipe was installed at a depth of sixty inches, and it intersected and ran under the defendant's gas main. The installation of this service pipe required the Rocko Construction Company to dig around and under the gas main at the point where the water service pipe and the gas main intersected. This digging was done with a heavy power tool known as a backhoe, a machine equipped with a power-driven bucket. The bucket has metal teeth on its digging or cutting edge. Later the same year, 1955, the plaintiffs hired another contractor, the M and M Company, to provide water service to their home by putting in a service pipe between the house and the shutoff valve or stub. This Company brought in another backhoe and used it to dig around and under the gas main at the same point of intersection, in order to make the connection with the water stub.

On March 18, 1962, the plaintiff Robert Metz was watching television in his living room when his house exploded and he was blown into the front yard. Fortunately, he was unhurt. As noted earlier, the same could not be said of his house. Investigation showed that the explosion was caused by gas which had leaked into the house from a break in the defendant's gas main, and this point is not in dispute. The uncontroverted evidence also shows that the break occurred at the point in the main where the backhoe work had been done on the two occasions in 1955. The break measured three-eighths to one-half inch, and the main was found to be nicked, bent and flattened on its underside at the location of the break.

The complaint was in two Counts. Count I was based on the theory of res ipsa loquitur and charged general negligence. Count II charged specific acts of negligence. At the close of plaintiffs' case the defendant moved to require plaintiffs to elect between Counts, and plaintiffs elected to stand on Count I. Count II was then dismissed on motion of the defendant. The case was submitted to the jury solely on the theory of res ipsa loquitur, and over the objection of the defendant that this was not a proper case for the application of that doctrine, the jury was given an adaptation of the res ipsa loquitur instruction from IPI (22.01), as follows:

"The plaintiffs have the burden of proving each of the following propositions:

First: That the plaintiffs, just before and at the time of the occurrence, were using ordinary care for the protection and safety of their property.

Second: That the plaintiffs were damaged in their property.

Third: That the damage was received from a leaking gas pipe which was under the defendant's control.

Fourth: That, in the normal course of events, the damage would not have occurred if the defendant had used the highest degree of care consistent with the instrumentality used.

If you find that each of these propositions has been proved, the law permits you to infer from them that the defendant was negligent with respect to the gas pipe while it was under its control or management. If you do draw such an inference, your verdict must be for the plaintiffs if any injury or damage proximately resulted. But, if, on

the other hand, you find that any of these propositions has not been proved, or if you find that the defendant used the highest degree of care consistent with the instrumentality used for the safety of others in its management of the gas pipe, then your verdict should be for the defendant."

The defendant contends that the doctrine of res ipsa loquitur can never be invoked in a broken gas main case because the gas company shares the space under the streets with other utilities and never has exclusive control over the area where its mains are located. We are not prepared to adopt such a broad rule, since much would depend upon the facts of the particular case. However, we do agree with defendant that this is not a res ipsa loquitur case.

Both sides appear to acknowledge that the principal issue in this case is whether the defendant had the kind of "control" over the gas main which is required by the res ipsa loquitur doctrine. The defendant contends that the activities of the two contractors near the main in 1955 constitute sufficient interruption of its control to render the res ipsa loquitur theory inapplicable. Plaintiffs, on the other hand, cite authority for the proposition that "momentary interruptions" of defendant's control do not make res ipsa loquitur inappropriate.

Classical statements of the res ipsa loquitur doctrine have typically required that the defendant have "exclusive" control over the instrumentality causing the injury. See e. g., Kirchner v. Kuhlman, 334 Ill App 339, 79 NE2d 628 (1st Dist 1948). On the other hand, many cases have indicated that the defendant's control need not be exclusive, so long as it reasonably appears that any negligence in regard to the instrumentality must have been that of the defendant. See May v. Columbian Rope Co., 40 Ill App2d 264, 271–

273, 189 NE2d 394 (1st Dist 1963) and cases cited therein. In the instant case, the defendant's control over the gas main was shared on two occasions with contractors who dug over, under and around the main with heavy, power-driven backhoes. The significant fact is not simply that defendant's control became temporarily nonexclusive, but that these contractors had the opportunity and the means to damage the gas main. Considering the nicks and dents that were found on the main, it seems reasonable to suspect that one or both of the backhoes came too close. In fact, the Appellate Court for the First District has gone so far as to hold that circumstances similar to these are sufficient to warrant a finding that a contractor did damage a gas line with his earth-moving machinery. American Nat. Bank & Trust Co. v. Peoples Gas Light & Coke Co., 42 Ill App2d 163, 191 NE2d 628 (1st Dist 1963).

The undisputed facts of this case show that the defendant was not the only one who had access to the main and the opportunity to damage it. Accordingly, the doctrine of res ipsa loquitur did not apply, and the judgment of the lower court must be reversed. The defendant has raised other points, but we find it unnecessary to discuss them.

Reversed.

ABRAHAMSON, P. J. and CARROLL, J., concur.