Mary E. Erckman, Plaintiff-Appellee, v. Northern Illinois Gas Company, a Corporation, Defendant-Appellant.

Gen. No. 64–67.

Second District.

July 9, 1965.

Rehearing denied September 13, 1965.

Alschuler, Putnam & McWethy, of Aurora (Ralph C. Putnam, Jr., Edward J. McWethy and Benjamin P. Alschuler, of counsel), for appellant.

Joseph B. Gilbert, of Chicago, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court.

This is an appeal from a judgment, entered on a jury verdict, in favor of plaintiff and against Northern Illinois Gas Company, herein called defendant, in the sum of $5,000.

Plaintiff brought suit for property damages resulting from explosion and fire. The complaint consisted of two Counts: Count I against defendant, the owner

of the gas main that leaked, causing the explosion; and Count II against R. J. Hankes, a plumbing contractor who was alleged to have damaged the gas main. At the close of plaintiff's case, the trial court indicated it would grant the motion of R. J. Hankes for a directed verdict on Count II, and the plaintiff then voluntarily dismissed him as a party.

The defendant contends that the trial court erred in denying its motions for directed verdict, for a judgment notwithstanding the verdict and for a new trial. The latter motion was grounded on the verdict being contrary to the manifest weight of the evidence, and on the inapplicability of the doctrine of res ipsa loquitur and the instruction thereon.

The plaintiff leased the premises in question for the operation of a Dari-Castle and took possession after the building was constructed in September of 1957. The fire took place January 15, 1958, about midnight, when no one was on the premises. About ten days prior to the fire, the plaintiff thought she smelled gas on the premises and called her propane gas and refrigeration suppliers, who checked but found no gas leaking from their services. She was not a customer of the defendant and did not call it. The explosion and fire were caused by natural gas which escaped from a split or break in defendant's gas main at a point under the street in front of, and about 30 feet east of plaintiff's building.

Plaintiff's complaint charged that the defendant was negligent in the manner it "installed said gas lines"; in installing the pipes "without any protection or covering"; in having "negligently and carelessly permitted the said gas main to deteriorate and the walls to become weakened and filled with holes"; and in negligently failing to inspect the gas mains for leaks.

The record is devoid of evidence that the defendant was negligent in the manner in which it installed the pipes or that it permitted them to deterio-

142

rate. The gas line in question was installed in 1910. While the defendant now uses a protective covering over its steel pipes, it did not do so then, and there is no evidence that such was then the practice. Furthermore, the testimony of the metallurgist, the photographs of the pipe, and an examination of the pipe itself, establish beyond peradventure, that the pipe, except for the area where it was split, bent and bashed-in, was not corroded or deteriorated, and was capable of transporting gas. Except for this bashed-in part, which was removed, the pipe is still in service.

The plaintiff also alleged that the defendant failed to make periodic inspections and thus ascertain that the gas was leaking from its main. In this regard the plaintiff called, as an adverse witness, a maintenance staff advisor employed by the defendant. He testified as to defendant's general practice of making inspections, and that he was unable to find any records of inspections made by defendant in this area. He surmised that defendant could have inspected the general area in question during the summer preceding the fire, but could not recall specifically.

■■ In reviewing the trial court's ruling on the motions for directed verdict and judgment notwithstanding the verdict, our function is to determine whether, from a consideration of all of the evidence in the record, together with all reasonable inferences arising therefrom in favor of plaintiff, there is any evidence which tends to prove the material elements of plaintiff's case. If so, these motions must be denied. Lindroth v. Walgreen Co., 407 Ill 121, 130, 94 NE2d 847 (1950); Merlo v. Public Service Co. of Northern Illinois, 381 Ill 300, 311, 45 NE2d 665 (1942); American Nat. Bank & Trust Co. v. Peoples Gas, Light & Coke Co., 42 Ill App2d 163, 171, 191 NE2d 628 (1st Dist 1963).

■ Guided by these rules, we cannot say that there was such a total deficiency of evidence with reference

143

to the allegations of the failure to make periodic inspections. In view of the absence of records indicating inspection and the mere surmise of such action, we cannot say that a jury finding of failure to inspect, together with the finding that it proximately caused or contributed to the resulting injury, is contrary to the manifest weight of the evidence.

■ The trial court submitted a modified version of IPI Instruction Nos. 22.01 and 22.02 which permitted the jury to apply the doctrine of res ipsa loquitur. The defendant contends that this was improper: first, because only specific negligence was pleaded; and, second, because the evidence did not justify the application of the doctrine. We find the giving of this instruction to constitute reversible error in that it permitted the jury to apply the res ipsa loquitur inference of general negligence to the case when general negligence had not been pleaded. Consequently, a new trial must be granted.

■ ■ Specific allegations of negligence will not support the application of the res ipsa doctrine. Kerby v. Chicago Motor Coach Co., 28 Ill App2d 259, 262, 171 NE2d 412 (1st Dist 1960); Jackson v. 919 Corp., 344 Ill App 519, 528, 101 NE2d 594 (1st Dist 1951). The plaintiff asserts that the allegation charging that the defendant "negligently and carelessly permitted the said gas main to deteriorate and the walls to become weakened and filled with holes . . . ," is general and permits the application of this doctrine. We disagree: such allegation is specific. See O'Rourke v. Marshall Field & Co., 307 Ill 197, 138 NE 625 (1923).

■ ■ Without design to exalt form over substance, we hold that only general allegations charging a defendant with "negligently and carelessly controlling, managing and maintaining" an instrumentality, may be the basis for the doctrine of res ipsa loquitur. The very essence of this doctrine and its consequences on

144

the conduct of the trial, place the burden on the plaintiff to apprise the defendant of his intent to rely thereon by concise allegations in general terms.

While the plaintiff failed to plead general negligence and thus permit the application of the res ipsa doctrine, that theory was erroneously submitted to the jury and it was instructed thereon. Upon new trial, the complaint will undoubtedly be amended to include such theory of liability and its application in the case at bar thus becomes pertinent.

The Illinois cases are not in accord on the theory of this doctrine or as to its effect when applied. We will not attempt to reconcile the varying pronouncements, but will follow those we deem to be the better reasoned.

██ If the plaintiff was in the exercise of due care for the safety of her property, two additional conditions must be established for the application of the doctrine of res ipsa loquitur: first, the accident must be the kind which does not ordinarily occur in the absence of someone's negligence; and second, the instrumentality which caused the injury must have been within the management or control of the defendant. Metz v. Central Ill. Elec. & Gas Co., 32 Ill2d 446, 448–450, 199 NE2d 454 (1965); Cobb v. Marshall Field & Co., 22 Ill App2d 143, 153, 159 NE2d 520 (1st Dist 1959).

██ The first requirement recognizes that there are injuries to the person and property which may result from occurrences without fault on the part of anyone. It is only where the incident itself suggests negligence that the doctrine may be applied. 38 Am Jur, sec 295, pp 989, et seq. The second condition limits the application of the doctrine to those cases where the negligence, if there is any, must reasonably have been that of the defendant. It is not enough for the plaintiff to prove that she was injured because of the negligence

145

of someone unidentified. See Wigmore on Evidence, 1st Ed 1905, sec 2509.

The doctrine of res ipsa loquitur is that if the circumstantial evidence establishing the above conditions exists and there is proof of injury or damage, then there is a permissive inference of the defendant's negligence. Metz v. Central Ill. Elec. & Gas Co., supra, 448, 449. Consequently, in such a case, a defendant's motion for a directed verdict, at the close of plaintiff's case, may not then be granted. Feldman v. Chicago Rys. Co., 289 Ill 25, 35, 124 NE 334 (1919). However, the jury may, or may not, accept the inference, depending upon the persuasiveness of the circumstances. The inference may be strong, requiring substantial evidence to overcome it, or it may be weak, requiring little or no evidence to refute it. Metz v. Central Ill. Elec. & Gas Co., supra, 449. This is normally a question of fact to be determined by the jury. McCleod v. Nel-Co. Corp., 350 Ill App 216, 234, 235, 112 NE2d 501 (2nd Dist 1953); Roberts v. Economy Cabs, Inc., 285 Ill App 424, 428, 429, 2 NE2d 128 (4th Dist 1936). If the defendant introduces no evidence, the jury may still, in a proper case, find for the defendant.

There may also be cases where the inference of negligence may warrant a directed verdict for the plaintiff. Prosser in his work on Torts (2d ed 1955), at page 212, states: "There are cases, however, such as that of the human toe in the plug of chewing tobacco, or the collision of railway trains trying to run on the same track, where the inference of negligence is so clear that no reasonable man could fail to accept it; and in such cases, if the defendant offers no explanation, a verdict should be directed for the plaintiff. In other words, the procedural effect of a res ipsa case is the matter of the strength of the inference to be drawn, which will vary with the circumstances of the case." Also see Moore v. Atchison, T. & S. Fe. Ry. Co.,

146

28 Ill App2d 340, 350–352, 171 NE2d 393 (1st Dist 1960); Oakdale Bldg. Corp. v. Smithereen Co., 322 Ill App 222, 226, 54 NE2d 231 (1st Dist 1944); "The Procedural Effect of Res Ipsa Loquitur," William L. Prosser, Minnesota Law Review, Volume XX, No. 3, February, 1936.

■ Applying these principles to the case at bar, the plaintiff presented sufficient circumstantial evidence to give rise to the doctrine of res ipsa loquitur and an inference of general negligence. When all of the evidence was introduced, it was indisputable that the gas escaped from a break in the gas line in the street in front of plaintiff's building. However, the pipe was not corroded and gas had not escaped through holes therein resulting from deterioration. At the point of the break, the pipe was bent and bashed-in. The break may have been caused by an exterior blow to the pipe.

The evidence established that a sewer tile was located directly beneath the portion of the pipe containing the break. R. J. Hankes, the plumbing contractor for the water and sewer in the Dari-Castle, testified that he did not personally go to the premises until the sewer and water lines had been installed and the excavation completed. He did not know whether his men struck and damaged the pipe. He further testified that his men generally contacted the defendant to locate gas pipes before making an excavation, but did not know if this was done in this case. A witness from the defendant company testified that the defendant keeps records of all requests received from contractors relative to the location of gas lines, and that there is no record of any inquiry in this case.

The plaintiff further testified that, after she moved into the premises in September of 1957, the street in front of Dari-Castle was widened. Large machines

147

were used and excavations were made to move telephone poles. Trees were taken down.

While the absence of exclusive control in the defendant, or the presence of some control or possession in another, does not necessarily destroy the application of the res ipsa doctrine, the nature of the surrounding circumstances and of the intervening control or possession in another, determine whether or not the doctrine may be applied.

It is, in the first instance, the duty of the court to decide as a matter of law whether the doctrine is applicable, but once this decision is made, it then becomes the function of the jury to determine the strength of the inference of negligence. This inference does not vanish or disappear entirely when any contrary evidence is introduced by the defendant; it remains to be weighed with all the other evidence. Metz v. Central Ill. Elec. & Gas Co., supra, 449; May v. Columbian Rope Co., 40 Ill App2d 264, 270, 189 NE2d 394 (1st Dist 1963); Cobb v. Marshall Field & Co., 22 Ill App2d 143, 155, 159 NE2d 520 (1st Dist 1959).

In a case such as this, our Supreme Court has held that the "usual requirement that the accident-causing instrumentality must be under the exclusive control of the defendant doesn't mean actual physical control at the time of the accident, if the instrumentality or dangerous agency is one which it is defendant's responsibility to maintain at all times and which responsibility cannot be delegated by consent, agreement or usage." Metz v. Central Ill. Elec. & Gas Co., supra, 450.

If, upon new trial, the plaintiff seeks to amend her complaint to allege both general negligence to support a res ipsa count, as well as specific negligence, she should be permitted to do so. Feldman v. Chicago Rys. Co., 289 Ill 25. 34, 35, 124 NE 334 (1919); Cobb v.

148

Marshall Field & Co., 22 Ill App2d 143, 155, 156, 159 NE2d 520 (1st Dist 1959); Roberts v. Economy Cabs, Inc., 285 Ill App 424, 426, 2 NE2d 128 (4th Dist 1936). In such event, the question of whether the theories of general and specific negligence should both be submitted to the jury, will depend upon the evidence presented upon a retrial.

While cases have stated that one may not rely on general negligence if he undertakes to prove specific negligence (Bollenbach v. Bloomenthal, 341 Ill 539, 546, 173 NE 670 (1930); O'Rourke v. Marshall Field & Co., 307 Ill 197, 200, 138 NE 625 (1923); Kerby v. Chicago Motor Coach Co., 28 Ill App2d 259, 262, 171 NE2d 412 (1st Dist 1960); Jackson v. 919 Corp.; 344 Ill App 519, 528, 101 NE2d 594 (1st Dist 1951)), these were cases in which only specific negligence was actually charged in the complaint, or in which the court incorrectly assumed that the doctrine of res ipsa loquitur created a presumption of law which vanished completely when any conflicting evidence appeared. This later theory has been repudiated in Illinois. Metz v. Central Ill. Elec. & Gas Co., supra, 449.

■ An inference of general negligence arising from the doctrine of res ipsa loquitur is not necessarily inconsistent with proof of specific negligence. To hold that proof of specific negligence precludes the application of the res ipsa doctrine could lead to the absurd result of weak proof of specific negligence voiding a strong inference of general negligence. Such a rule would compel a plaintiff to elect, before the disclosures of proof, which theory he would adopt; it is without justification. If there is an inference of general negligence and proof of specific negligence, but reasonable men may differ as to the effect of this evidence, it should then be for a jury to determine under which theory, if any, the plaintiff should pre-

vail. McCormick v. Kopmann, 23 Ill App2d 189, 205, 161 NE2d 720 (3rd Dist 1959).

For the reasons given, the judgment must be reversed and the cause remanded for a new trial; the trial court to proceed in a manner consistent with the views herein set forth.

Judgment reversed and cause remanded for a new trial.

ABRAHAMSON, P. J. and MORAN, J., concur.