**Ella Mae Hunter, Plaintiff-Appellant, v. William Alfina and Alberta Alfina, Defendants-Appellees.**

**Gen. No. 52,620.**

First District, Third Division.

June 26, 1969.

Pekin & Levin, and Pressman & Hartunian, of Chicago (Aram A. Hartunian, of counsel), for appellant.

Berchem, Schwantes & Thuma, of Chicago, for appellees.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

Plaintiff seeks to recover for personal injuries sustained in defendants' home when one of their kitchen chairs collapsed beneath her. At the conclusion of plaintiff's evidence and a stipulation as to defendants' testimony the court directed a verdict and entered judgment for defendants. The sole issue on appeal is whether the doctrine of res ipsa loquitur is applicable to this case. The facts follow.

On December 1, 1959, plaintiff was employed by the defendants as a domestic servant in their home. She had been so employed one day a week for six or seven weeks pursuant to an agreement whereby she received $10 a day, carfare and lunch. At the time of her employment she was approximately fifty years old, 5′ 2″ tall and weighed about 160 pounds.

On the day in question Mrs. Alfina told plaintiff that she was going out and asked her if she would eat with the children at lunch time. Plaintiff accordingly sat with the children at the kitchen table. The chair on which she sat was one of a set of four kitchen chairs which had been purchased seven years prior to the date in question. Plaintiff left the table to get a banana and when she resumed her seat, the chair collapsed and fell to the floor. The chair was wooden and had four legs and a back. Plaintiff testified that she did not notice anything unusual about the chair before the accident, that she did nothing unusual when she sat down on it, and that she had not been cautioned by anyone about using any of the chairs.

It was stipulated that the defendants, if called, would testify that the chair was purchased seven years prior to the date of the accident as one of a set of four, that they were subject to no more than ordinary wear, that at no time prior to the accident did either of the defendants have knowledge of any defect and that from all appear-

ances, the chair in question was in good serviceable condition at all times prior to the accident. On the basis of this evidence the trial court directed a verdict for defendants and entered judgment thereon.

Plaintiff relies solely on the doctrine of res ipsa loquitur and contends that in ordinary use the chair on which she sat should not have collapsed and that the collapse raised an inference of negligence on the part of defendants who owned the chair and provided it for plaintiff on the occasion in question.

■ The case of Metz v. Central Illinois Electric & Gas Co., 32 Ill2d 446, 207 NE2d 305 (1965) has set forth the conditions which must be established for application of the doctrine of res ipsa loquitur as follows:

> "When a thing which caused the injury is shown to be under the control or management of the party charged with negligence and the occurrence is such as in the ordinary course of things would not have happened if the person so charged had used proper care, the accident itself affords reasonable evidence, in the absence of an explanation by the party charged, that it arose from want of proper care. (Feldman v. Chicago Railways Co., 289 Ill 25; Bollenbach v. Bloomenthal, 341 Ill 539.)"

The latter condition recognizes that there are injuries which may occur without fault on the part of anyone and it is only where the incident itself suggests negligence that the doctrine may be applied. Erckman v. Northern Illinois Gas Co., 61 Ill App2d 137, 210 NE2d 42; Wigmore on Evidence (1st Ed, 1905, § 2509). Res ipsa loquitur cannot be applied where the condition causing injury can be accounted for as readily on the hypothesis of pure accident as on the ground of negligence. Bollenbach v. Bloomenthal, 341 Ill 539, 173 NE 670; Chi-

434

cago & Eastern Illinois R. Co. v. Reilly, 212 Ill 506, 72 NE 454.

■■ The effect of the doctrine is that once the evidence establishes that the foregoing conditions exist and there is proof of injury, there is a permissive inference of the defendant's negligence. Erckman v. Northern Illinois Gas Co., supra; Metz v. Central Illinois Electric & Gas Co., supra. In such a case a motion for a directed verdict at the close of plaintiff's case should be denied. Erckman v. Northern Illinois Gas Co., supra. When evidence appears to the contrary, the inference of negligence does not vanish, but "remains to be considered with the other evidence in the case and must be weighed by the jury against the direct evidence offered by the party charged." Metz v. Central Illinois Electric & Gas Co., supra.

In cases involving the collapse of a seating device *in a business establishment* many jurisdictions have held that the doctrine of res ipsa loquitur is applicable. Among them are the following: Nownes v. Hillside Lounge, Inc., 179 Neb 157, 137 NW2d 361 (1965) ; Keena v. Scales, 61 Cal2d 779, 40 Cal Rptr 65, 394 P2d 809 (1964) ; Raffa v. Central School Dist. No. 1, 16 App Div2d 85, 227 NYS 2d 723 (1962) ; Tuso v. Markey, 61 NM 77, 294 P2d 1102 (1956) ; Van Staveren v. F. W. Woolworth Co., 29 NJ Super 197, 102 A2d 59 (1954) ; Benedict v. Eppley Hotel Co., 159 Neb 23, 65 NW2d 224 (1954) ; Schueler v. Good Friend North Carolina Corp., 231 NC 416, 57 SE2d 324 (1950) ; Gow v. Multnomah Motel, Inc., 191 Ore 45, 224 P2d 552, 228 P2d 791 (1950) ; Herries v. Bond Stores, Inc., 231 Mo App 1053, 84 SW2d 153 (1935). Contra: Kilgore v. Shepard Co., 52 RI 151, 158 A 720 (1932) ; Rose v. McMahon, 10 Mich App 104, 158 NW2d 791 (1968) ; Leonard v. Baker's Shoe Store, Inc., 261 NC 781, 136 SE2d 102 (1964) ; Williams v. McCrory's Stores Corp., 203 Md

598, 102 A2d 253 (1954). In each of the foregoing cases the plaintiff was a customer or a patron of the defendant's business establishment, which included stores, lunch counters, bars, a theater and a school cafeteria.

The only Illinois case on this subject involving the collapse of a chair is Robinson v. Peoples Gas Light & Coke Co., 327 Ill App 412, 64 NE2d 555. There the plaintiff had agreed to buy a refrigerator from the defendant and was invited by the defendant's salesman to sit on a folding chair while the sale was written up. The chair collapsed and the plaintiff fell to the floor. The head of a rivet had come out of a slot on the side of the chair, but the rivet was not broken nor was the slot worn. The court held that the doctrine of res ipsa loquitur applied.

The facts in the instant case are quite different from those in Robinson, supra. In Robinson the chair was in a business establishment for the use of customers, whereas in the instant case the chair was in a private home. In both instances the plaintiffs were business invitees so that the law required the defendants to exercise "ordinary care" for their safety, but the requirements of "ordinary care" vary with the circumstances of each case. Sims v. Chicago Transit Authority, 4 Ill2d 60, 122 NE2d 221; Baggett v. Ashland Oil & Refining Co., 92 Ill App2d 433, 236 NE2d 243. The care required of the owner of a private home clearly is less than that required in a business establishment. The proprietor of a business establishment knows that its chairs will be subject to a variety of frequent and debilitating uses and he is required to take appropriate precautions for the safety of customers. It is not reasonable however to exact the same precautions in a private home. It cannot be expected that the home owner will make an inspection of his chairs, tables or other items of furniture before having anyone enter his home. A type of "neurosis domicilia" could develop and we may visualize signs in

homes reading, "Enter at your own risk," or "Examine each chair." We are today the most litigious people on earth, if not in all history, and we have not learned what to do about it. We may at least proceed with caution in opening up new fields.

 It is our conclusion that the trial court properly refused to apply the doctrine of res ipsa loquitur and the judgment is accordingly affirmed.

Judgment affirmed.

SULLIVAN, P. J. and DEMPSEY, J., concur.