JOHNNIE KRUGER *et al.*, Plaintiffs-Appellants, *v.* BILL NEWKIRK, Defendant-Appellee.

Fifth District No. 75-291

Opinion filed July 23, 1976.

Richard A. Cary, of Wham & Wham, of Centralia, for appellants.

Buchmiller & March, Ltd., of Greenville, for appellee.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Plaintiffs appeal from a judgment of the circuit court of Clinton County granting defendant's motion for judgment at the conclusion of the plaintiff's evidence and denying plaintiff's motion for a new trial.

Appellants contend that the trial court erred in granting judgment for defendant at the close of the plaintiffs' evidence, since the doctrine of *res ipsa loquitur* was applicable to raise an inference of defendant's negligence.

Appellee contends that the doctrine of *res ipsa loquitur* is inapplicable as it was not properly pleaded and because the instrumentality causing the damage was not within the exclusive control of the defendant.

The appellants purchased a new home from Joseph Corrigan,

constructed according to Corrigan's specifications by the Bruemmer Construction Company. The appellee Newkirk, d/b/a Newkirk Plumbing and Heating, was the subcontractor of the Bruemmer Construction Company for plumbing of the residence. The appellants actually lived in the house for approximately 15 days between the time they began to move into the residence on May 26, 1973, and the time they left the home for summer school following the weekend of July 4, 1973.

On July 12, 1973, water damage was discovered by Joseph Corrigan, who had been given a key to the house by the plaintiffs. Corrigan found water flowing down into the basement through the recreation room and discovered a large accumulation of water in the cabinets under the sink. He concluded the leak originated in the pipes underneath the sink and called the appellee. The appellee repaired the leak in the copper tubing where a sweat fitting had come apart.

At the trial, the appellants testified that they had used the plumbing in the manner for which it was intended and had not experienced any difficulties prior to the water damage discovered on July 12, 1973. Corrigan testified that the roof was intact, the faucets were turned off, and the doors were locked. To Corrigan's knowledge, only the telephone servicemen entered the house between the time the appellants departed and he discovered the water damage. There were no signs of entry or vandalism. The appellee testified that the pipe was not bent, mutilated, or broken, but had been "pulled apart." The appellee also testified that when such sweat fittings are properly installed, they do not leak.

Appellants argue that the doctrine of *res ipsa loquitur* was applicable and the criteria for its application were met, and the trial court thus erred in granting defendant's motion for judgment at the close of plaintiffs' evidence and refusing to grant plaintiffs' motion for a new trial. Appellants argue that the leak in a newly installed water pipe does not normally occur in the absence of negligence. Further, appellants argue that the appellee was in control of the instrumentality at the time of the alleged negligence, and the evidence establishes that other reasonable explanations of the damage have been negated. As a result, appellants argue that a *prima facie* case against the appellee was established by the evidence.

Appellee claims that the doctrine of *res ipsa loquitur* is available only if the plaintiff apprises the defendant of his intent to rely on the doctrine by concise allegations in general terms. Appellee urges that appellants' pleading states a claim of specific, not general, negligence, and the doctrine is not available. Even if available, appellee argues that the appellants failed to establish that the instrumentality was in the exclusive control of the defendant as it was not a dangerous agency for which the defendant has a nondelegable responsibility to maintain.

It is true, as appellee notes, that specific allegations of negligence will not support the application of the doctrine of *res ipsa loquitur. (Kerby v. Chicago Motor Coach Co.,* 28 Ill. App. 2d 259, 171 N.E.2d 412; *Erckman v. Northern Illinois Gas Co.,* 61 Ill. App. 2d 137, 210 N.E.2d 42.) In *Erckman,* the appellate court reversed plaintiff's verdict and ordered a new trial in an action for damages resulting from an explosion and fire when natural gas escaped from defendant's pipeline. The plaintiff's complaint was specific in charging the gas company with negligent installation of the gas line as the company "negligently and carelessly permitted the said gas main to deteriorate and the walls to become weakened and filled with holes." *Res ipsa loquitur* is not available to a plaintiff who alleges only specific negligence as *res ipsa* places a "burden on the plaintiff to apprise the defendant of his intent to rely thereon by concise allegations in general terms." *Erckman v. Northern Illinois Gas Co.,* 61 Ill. App. 2d 137, 145.

In this case appellants' complaint alleged that the leak was "proximately caused by the unworkmanlike installation of said water line and solder joint while under the exclusive control of the defendant." Plaintiffs did not allege any specific act as, for example, improper use of materials or improper application of heat to the solder joint, which would constitute "unworkmanlike installation."

■■ Plaintiffs' complaint alleged only that some act of "unworkmanlike installation" was committed while the pipe was in the control of the defendant which caused the leak and resulted in damages to the residence. The allegation of negligence was concise, and sufficiently general to apprise the defendant of the plaintiffs' intention to rely on *res ipsa loquitur.* No special form of words is necessary to rely on the doctrine of *res ipsa loquitur. (Erckman v. Northern Illinois Gas Co.)* Plaintiffs' complaint was not so specific in its allegations as to lose its reliance on *res ipsa loquitur.*

■■ When properly pleaded, *res ipsa loquitur* requires the plaintiff to establish two conditions before an inference of negligence is raised. The accident must be of the kind which does not ordinarily occur in the absence of negligence and the instrumentality or agency causing the injury complained of must be within the exclusive control of the defendant. *Metz v. Central Illinois Electric & Gas Co.,* 32 Ill. 2d 446, 207 N.E.2d 305; *Moore v. Jewel Tea Co.,* 116 Ill. App. 2d 109, 253 N.E.2d 636.

■■ As to the first condition, the accident must be one which itself suggests negligence and not be of the type that is as readily accountable for on the hypothesis of pure accident without fault. In *Hunter v. Alfina,* 112 Ill. App. 2d 432, 251 N.E.2d 303, where a kitchen chair used for a number of years collapsed under the weight of the plaintiff, the court refused to apply *res ipsa loquitur* because the collapse of the chair did not

itself suggest negligence. Such is not the case here. Common experience suggests, and appellee himself testified, that a newly constructed solder joint, if properly installed, would not develop a leak shortly thereafter. When such a joint does develop a leak, it is not as readily accountable for on the grounds of pure accident as on the grounds of negligence.

██ As to the second condition, the establishment of exclusive control of the instrumentality by the defendant, it is well established that such control need not be control at the time of the injury, but control at the time of the alleged negligence. *Martino v. Barra*, 10 Ill. App. 3d 97, 293 N.E.2d 745; *Moore v. Jewel Tea Co.*, 116 Ill. App. 2d 109, 253 N.E.2d 636, *aff'd*, 46 Ill. 2d 288.

The doctrine of *res ipsa loquitur* is similar in its effect to circumstantial evidence in that "in a res ipsa loquitur case there is an inference of negligence arising from circumstantial evidence." *(Cobb v. Marshall Field & Co.*, 22 Ill. App. 2d 143, 155, 159 N.E.2d 520, 525; see also *May v. Columbian Rope Co.*, 40 Ill. App. 2d 264, 189 N.E.2d 394.) The mere fact that the defendant no longer has control of the instrumentality at the time of the injury is not sufficient to defeat the inference of negligence. The issue is whether the nature of the defective instrumentality and the surrounding circumstances used to create the inference of negligence are such that the intervening possession or control destroys the inference of negligence. *(May v. Columbian Rope Co.*, 40 Ill. App. 2d 264, 271, 189 N.E.2d 394, 397.) Appellee argues that an intervening control or possession necessarily abolishes the inference of negligence except where the instrumentality is inherently dangerous or the duty to maintain cannot be delegated. The doctrine of *res ipsa loquitur* is not so limited.

In *Moore v. Jewel Tea Co.*, where the plaintiff sued for injuries suffered when a can of Drano exploded, the court held *res ipsa loquitur* applicable against a defendant who relinquished control of the instrumentality approximately ten months prior to the accident. Quoting from the Illinois Pattern Jury Instruction Committee Comment to IPI 22.01, the court stated:

> "The agency or instrument which causes the injury need not be in the control or management of the defendant at the time the injury occurs. It is sufficient if the instrument has been in the control of the defendant at a time prior to the injury and there is no rational ground upon which to impute negligence to another with respect to the instrumentality after it left the defendant's control." 116 Ill. App. 2d 109, 134-35, 253 N.E.2d 636, 648.

In *Martino v. Barra*, the court found *res ipsa loquitur* applicable against a defendant who repaired a flat tire on a concrete mixer truck 15 days before the wheels became separated from the truck and caused an automobile accident. The court found that the intervening control by

parties other than the defendant did not provide any rational ground to impute negligence to another.

In *Palleson v. Jewell Co-operative Elevator* (Iowa 1974), 219 N.W.2d 8, where a segment of elm leave was introduced into a gas line causing a leak and resulting explosion, the court found *res ipsa loquitur* applicable in spite of lack of control by the defendant at the time of the injury. The court held that a showing of control at the time of the alleged negligence was sufficient "provided plaintiff proves there was no change in condition of the instrumentality, and no intervening act, which could reasonably have caused the event resulting in the injury." (219 N.W.2d 8, 13.) And in *Rinkel v. Lee's Plumbing & Heating Co.*, (1959), 257 Minn. 14, 99 N.W.2d 779, the court found *res ipsa loquitur* applicable where the plaintiff suffered water damage to his residence when a pipe connected to a washbowl installed over seven months previously became separated. The court found a showing of minimal use and use in the manner intended was sufficient to negate other reasonable causes of the separation and found the plumbing company liable.

■■ In this case, the appellant alleged negligence in the installation of the pipe at the time the defendant had exclusive control over the pipe. The appellant testified that the use of the plumbing system was not abnormal, but rather its use was in the manner and for the purpose for which the plumbing was intended. The evidence further established that there were no signs of forced entry or vandalism, and the house was locked while the appellants were away.

■■ The short period of use, use in the manner intended, and a negation of other reasonable causes of the accident is sufficient for a reliance on *res ipsa loquitur*, and the inference of defendant's negligence is not destroyed by the intervening possession. Nor is it necessary for the plaintiff to disprove every alternative hypothesis other than the defendant's negligence in order to recover. *Foster v. Union Starch & Refining Co.*, 11 Ill. App. 2d 346, 137 N.E.2d 499; *Roper v. Dad's Root Beer*, 336 Ill. App. 91, 82 N.E.2d 815.

■■ Whether the *res ipsa loquitur* doctrine is applicable is first a question of law. *(Moore v. Jewel Tea Co.; Drewick v. Interstate Terminals, Inc.*, 42 Ill. 2d 345, 349, 247 N.E.2d 877.) Where the conditions of *res ipsa loquitur* are met, a permissive inference of the defendant's negligence arises. *Metz v. Central Illinois Electric & Gas Company*, 32 Ill. 2d 446, 449, 207 N.E.2d 305, 307.

> "Consequently, in such a case, a defendant's motion for a directed verdict, at the close of plaintiff's case, may not then be granted." *(Erckman v. Northern Illinois Gas Company*, 61 Ill. App. 2d 137, 146, 210 N.E.2d 42, 46.)

See also *Hunter v. Alfina*, 112 Ill. App. 2d 432, 251 N.E.2d 303.

The trial court thus erred in granting the defendant's motion for judgment at the close of the plaintiffs' evidence, which motion was based solely on the ground that there was insufficient evidence as a matter of law to establish negligence against the defendant. Neither party has argued in the trial or in this court that this was a question of fact to be decided by the trial court pursuant to section 64(3) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 64(3)); and we will not raise this point on our own motion.

For the foregoing reasons, the judgment of the trial court is reversed, and this case is remanded to the trial court for proceedings consistent with this opinion.

Judgment reversed and remanded.

JONES and EBERSPACHER, JJ., concur.