JOYCELYNN DEMING, Indiv. and as Mother and Next Friend of Michael Eugene Peterman, a Minor, Plaintiff-Appellant, v. DALE MONTGOMERY, Adm'r of the Estate of Randy Montgomery, Deceased, Defendant-Appellee.

Fifth District   No. 5—87—0623

Opinion filed March 10, 1989.—Rehearing denied April 18, 1989.

John Womick, of John Paul Womick & Associates, Chartered, of Carbondale, for appellant.

Edward J. Szewczyk, of Donovan, Rose, Nester & Szewczyk, P.C., of Belleville, for appellee.

JUSTICE LEWIS delivered the opinion of the court:

This case was brought by Joycelynn Deming on her own behalf and on behalf of plaintiff Michael Peterman, a minor, for personal injuries sustained by plaintiff as a result of a fishing accident involving defendant Randy Montgomery, also a minor. Subsequent to the filing of plaintiff's complaint, defendant died in an unrelated accident, and his father, Dale Montgomery, who was appointed the legal representative of defendant's estate, was substituted as the defendant in this case. This cause of action for negligence was tried before a jury, and a verdict for the defendant and against the plaintiff was entered. Plaintiff filed a post-trial motion, which the circuit court denied. From this judgment and the denial of his post-trial motion, plaintiff appeals.

Before considering the issues raised on appeal, a brief recitation of the facts is necessary. At trial, plaintiff presented the testimony of defendant's parents, Dale and Laverne Montgomery, as adverse witnesses pursuant to section 2—1102 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1102). Dale Montgomery testified that he was an avid fisherman and that he had taught defendant how to fish at the age of four and a half. He told defendant about the proper safety measures to be used when fishing. He showed defendant that when he was done fishing, he should loosen his line, bring the fish hook back and place it in the last guide or eye on the fishing rod, and then tighten the fishing line.

Montgomery stated that, on October 5, 1983, when defendant was 13 years of age, defendant and two other boys went fishing after school. Montgomery and his wife encountered the three boys on their

return from their fishing trip, and, at that time, the boys told them that the fish hook from defendant's fishing rod had become loose and had entered plaintiff's eye. According to Montgomery, his son had stated that immediately before the accident occurred he had attempted to warn plaintiff, who was walking in front of defendant, about the fish hook. When Montgomery saw the boys, plaintiff did not appear to be seriously hurt.

Laverne Montgomery's testimony corroborated her husband's testimony. Additionally, she stated that defendant had told her that they were walking single file along the creek and that defendant had said that plaintiff had walked into the fish hook.

Plaintiff testified that on October 5, 1983, he, defendant and Donnie Thompson were friends. Plaintiff stated that he had been taught to fish by his father. He was aware that a fish hook could cause someone harm and he knew how to place a fish hook on the fishing rod to secure it and to hold the fishing rod at waist level.

Plaintiff stated that he first noted a problem with his right eye early in the morning of October 6, 1983. He did not experience any pain when the accident occurred, but he was awakened the next morning by pain and lack of vision in his right eye. Prior to October 6, 1983, plaintiff had had no problem with his right eye.

As a result of the surgeries performed upon his right eye, plaintiff's vision had declined. Additionally, his eyes are sensitive to the sunlight. When he reads, certain words seem written backwards or the letters appear rearranged. Plaintiff testified that he had not played baseball since his injury, but that he had signed up to play this coming summer. He currently participated in running track.

Defendant read the evidence deposition of Donald Jerry Thompson to the jury. Thompson testified that on October 5, 1983, when he was 12 years of age, he, plaintiff and defendant had gone fishing along a creek. Each of them had a fishing rod and reel, and when they were done fishing for the day, each of them had placed his fish hooks in one of the guides of his fishing rod and reeled up the slack in the fishing line. When they were walking home, plaintiff was walking in front of defendant and it was then that the accident occurred. According to Thompson, no horseplay occurred and defendant did not do anything unusual at the time of the accident. Thompson thought that defendant's fish hook came "ajar" from the fishing rod, that the fish hook swung and then "came back and hit" plaintiff in the eye. Thompson did not recall giving plaintiff any warning about the fish hook as the accident occurred very fast. He did not remember how defendant's fishing rod was angled at the time of the accident.

Thompson did not recall talking to defendant's parents after the accident; however, he did remember that the three of them returned to defendant's home. Thompson stated that plaintiff appeared to be unhurt and that the three boys played catch with a football after the accident.

In rebuttal, plaintiff testified that he, defendant and Donnie Thompson were fishing on October 5, 1983. At the time of his accident, plaintiff first saw defendant's fishing rod and fish hook on his right side. The fish hook came toward him from the right side and entered his eye. Defendant had possession of the fishing rod to which the fish hook was attached. The area where the accident occurred was a wooded area with trees and bushes around.

Joycelynn Deming, plaintiff's mother, testified that on October 5, 1983, when plaintiff was 13 years old, plaintiff came home that evening and told her that he had had a fish hook enter his eye that day. She examined plaintiff's right eye and saw that the eye was slightly reddened as though irritated. She did not realize at the time that there was any serious difficulty with plaintiff's eye.

The next morning, at 5 a.m., plaintiff awakened her and complained that his vision was affected. Deming immediately took plaintiff to the Carbondale Memorial Hospital emergency room. Plaintiff was admitted to the hospital and was treated by Dr. Ahmad.

Additional testimony was presented at trial by Deming and through the evidence depositions of Dr. Maqbool Ahmad and Dr. Flavius Pernoud. As this additional evidence relates to the subsequent treatment of plaintiff's eye injury and thus only to the issue of damages, it is unnecessary to delineate that testimony, as no issue on damages has been raised on appeal.

On appeal, plaintiff raises three issues: First, that the circuit court erred in refusing to allow him to amend his pleadings to conform to the proof and to instruct the jury on the theory of *res ipsa loquitur*; second, that the circuit court erred when it instructed the jury on contributory negligence; and third, that the circuit court's conduct severely prejudiced the plaintiff and denied him a fair trial. Because we agree with plaintiff's contention on the issue of *res ipsa loquitur* and reverse and remand this case on that issue, it is unnecessary to address plaintiff's remaining issues as the proof and the conduct at the new trial will differ and those issues may not arise at retrial.

■ We now consider plaintiff's issue on *res ipsa loquitur*. Initially, it must be determined whether the doctrine of *res ipsa loquitur* is applicable to this case. The doctrine of *res ipsa loquitur* raises an

inference of negligence from otherwise inexplicable facts and circumstances through proof of circumstantial evidence. (*Imig v. Beck* (1986), 115 Ill. 2d 18, 503 N.E.2d 324.) To raise this inference of negligence, the plaintiff must prove that the instrumentality causing the personal injury, at the time of injury, was under the management or control of the defendant and that the accident occurred "under such circumstances that in the ordinary course of events it would not have occurred if the party so charged had used proper care while the agency or instrumentality was under his management or control." *Imig*, 115 Ill. 2d at 26, 503 N.E.2d at 328; *Clay v. Brodsky* (1986), 148 Ill. App. 3d 63, 499 N.E.2d 68; *Kruger v. Newkirk* (1976), 40 Ill. App. 3d 581, 352 N.E.2d 436.

■ We find that the proof of this case met the requisite elements for the theory of *res ipsa loquitur*. It was shown that defendant had exclusive control over the fishing rod to which the fish hook was attached at the time of the accident. Further, the facts of this case gave rise to the inference that plaintiff would not have had his eye punctured by the fish hook if defendant had used proper care in the handling of the fishing rod and would not have occurred in the absence of negligence. Plaintiff was walking in front of defendant when the accident occurred. Defendant had hooked his fish hook onto his rod for safety in accordance to the method he had been taught by his father and was carrying his fishing rod down by his waist. Some negligence had to have occurred to cause defendant's fish hook to become unfastened from his rod and to strike plaintiff in the eye.

■ In order to rely on the doctrine of *res ipsa loquitur*, a plaintiff must allege general negligence in his pleadings and a plaintiff who alleges only specific negligence cannot rely on this doctrine as it is the plaintiff's burden to apprise the defendant that he intends to rely on that theory. (*Kruger*, 40 Ill. App. 3d 581, 352 N.E.2d 436; *Erckman v. Northern Illinois Gas Co.* (1965), 61 Ill. App. 2d 137, 210 N.E.2d 42.) In the instant case, plaintiff's original pleadings alleged specific negligence; however, he attempted to amend his pleadings at the close of all the evidence to allege general negligence to conform to the proof at trial by including the theory of *res ipsa loquitur*, but the circuit court denied plaintiff's motion to amend his pleadings.

■ Under section 2—616(c) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—616(c)), a pleading may be amended at any time before a judgment to conform the pleadings to the proof. Section 2—616 is to be liberally construed so that cases are decided on their merits and not on procedural technicalities. (*Campbell v. Feuquay* (1986), 140 Ill. App. 3d 584, 488 N.E.2d 1111.) The decision

to permit the amendment of the pleadings is within the sound discretion of the circuit court, and the test in determining whether a court has abused its discretion is to ask if the circuit court's decision furthers the ends of justice. (*Campbell*, 140 Ill. App. 3d 584, 488 N.E.2d 1111; *Pickett v. First American Savings & Loan Association* (1980), 90 Ill. App. 3d 245, 412 N.E.2d 1113; *Wallace v. Weinrich* (1980), 87 Ill. App. 3d 868, 409 N.E.2d 336.) Also to be considered in determining whether a court abused its discretion in denying a party permission to amend his pleadings is whether the motion to amend the pleadings prejudiced or surprised the other party. (*Shiner v. Friedman* (1987), 161 Ill. App. 3d 73, 513 N.E.2d 862; *Pickett*, 90 Ill. App. 3d 245, 412 N.E.2d 1113.) Any doubt as to whether pleadings should be amended should be resolved in favor of the amendment. (*Warren v. LeMay* (1986), 142 Ill. App. 3d 550, 491 N.E.2d 464.) We have already determined in this case that *res ipsa loquitur* was applicable under the facts presented at trial and, thus, there was support in the evidence for plaintiff's amendment. Additionally, we do not perceive that the defendant was prejudiced or surprised by the motion to amend, and defendant does not argue that he was surprised or prejudiced in his brief. Therefore, we conclude that the circuit court abused its discretion when it denied plaintiff's motion to amend his pleadings to conform to the proof adduced at trial.

■ Further, by refusing to allow plaintiff to amend his pleadings to include those counts regarding *res ipsa loquitur*, the circuit court also abused its discretion when it refused to instruct the jury on the theory of *res ipsa loquitur*. In order to give a jury instruction, all that is required is that there be some evidence in the record to support the theory set out in the instruction. (*Nicholl v. Scaletta* (1982), 104 Ill. App. 3d 642, 432 N.E.2d 1267; *Hagopian v. First Venture, Ltd.* (1980), 90 Ill. App. 3d 951, 414 N.E.2d 85; *Khatib v. McDonald* (1980), 87 Ill. App. 3d 1087, 410 N.E.2d 266; *Figarelli v. Ihde* (1976), 39 Ill. App. 3d 1023, 351 N.E.2d 624.) The theory of *res ipsa loquitur* was applicable to this case, and plaintiff had the right to have the jury instructed on this theory. (See *Koclanes v. Hertenstein* (1971), 130 Ill. App. 2d 916, 266 N.E.2d 119.) Therefore, because the circuit court abused its discretion in refusing to permit plaintiff to amend his pleadings to conform to the proof adduced at trial and because the circuit court abused its discretion in refusing to instruct the jury on the theory of *res ipsa loquitur*, we reverse and remand this cause for a new trial.

■ Plaintiff has asked that this court grant it judgment notwithstanding the verdict on the issue of *res ipsa loquitur* and remand for

534

a trial on damages only. Although we reverse this cause on the issue of *res ipsa loquitur*, we do not decide whether defendant has been found liable for negligence, but return this issue to the jury for consideration under the theory of *res ipsa loquitur* along with the other facts and circumstances of this case. Under *res ipsa loquitur* an inference of negligence is drawn; however, this inference may be strong or weak depending on the surrounding facts and circumstances of a case. *Res ipsa loquitur*, like other evidence, may be rebutted or explained by the other party, and the inference raised under *res ipsa loquitur* does not disappear when contrary evidence appears, but remains to be considered and to be weighed by a jury against the other evidence offered by the defendant. (*Metz v. Central Illinois Electric & Gas Co.* (1965), 32 Ill. 2d 446, 207 N.E.2d 305.) We accordingly remand this cause for a new trial and not for damages only.

For the foregoing reasons, we determine that the circuit court of Williamson County abused its discretion in refusing to permit plaintiff to amend his pleadings to conform to the proof adduced at trial and in refusing to instruct the jury on the doctrine of *res ipsa loquitur*, and we reverse and remand this cause for retrial in accordance with this opinion.

Reversed and remanded.

RARICK and CHAPMAN, JJ., concur.