930 F.2d 35
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Shirley THOMPSON, next of kin to Barbara Sue Rutledge,
deceased, Plaintiff-Appellant,
v.
Roy ZBINDEN, an individual, Yellow Freight System, Inc., a
foreign corporation, Defendants-Appellees.
 No. 90-5117.
 United States Court of Appeals, Tenth Circuit.
 April 8, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Shirley Thompson filed this diversity action, governed by Illinois law, in the United States District Court for the Northern District of Oklahoma seeking to recover damages for the death of Barbara Sue Rutledge, which occurred during a collision in Illinois between a car driven by Rutledge and a truck. Named as defendants were the driver of the truck, Roy Zbinden, and the owner of the truck, Yellow Freight Systems, Inc. A jury returned a verdict in favor of both defendants. Plaintiff appeals raising two arguments which focus on the sudden emergency instruction offered by the district court.
 
 
 3
 First, plaintiff argues that the district court erred by instructing on the sudden emergency issue primarily because the Illinois Pattern Jury Instructions (I.P.I.) recommend no such instruction be given. Plaintiff, however, did not make a timely objection at trial raising this precise issue. Plaintiff only objected to the instruction as not supported by the evidence. Our review, therefore, is limited to whether the district court's failure to observe the I.P.I.'s recommendation rises to the level of plain error. See Palmer v. Krueger, 897 F.2d 1529, 1532-33 (10th Cir.1990). We find no plain error. The instruction was in accord with Illinois case law, and it is unlikely that the instruction misled the jury. See Turner v. Roesner, 193 Ill.App.3d 482, 549 N.E.2d 1287, 1291 (2d Dist.1990); McCullough's Estate v. McTavish, 62 Ill.App.3d 1041, 379 N.E.2d 890, 895 (2d. Dist.1978).
 
 
 4
 Plaintiff next renews her argument made below that there was no basis for a sudden emergency instruction because the evidence introduced at trial did not establish a sudden perilous situation. Our review is limited to whether there was some evidence in the record to support the instruction. Deming v. Montgomery, 180 Ill.App.3d 527, 536 N.E.2d 150, 154 (5th Dist.1989). We find sufficient evidence to support the notion that the accident in this case could have occurred due to a sudden emergency without negligence by defendant Zbinden.
 
 
 5
 Accordingly, the judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3