Alice LeMaitre et al., Appellees, v. Union Electric
Power Company, Appellant.

Term No. 47F11.

Opinion filed April 21, 1947.
Rehearing denied May 26, 1947. Released for publication June 2, 1947.

· POPE & DRIEMEYER, of East St. Louis, for appellant.

RALPH D. WALKER, of East St. Louis, for appellees.

MR. PRESIDING JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from judgments entered in the circuit court of St. Clair county upon the verdicts of a jury in favor of the appellees, Alice LeMaitre, Clara Gage and Bobbie Tigue (hereinafter called plaintiffs) as against the appellant, Union Electric Power Company (hereinafter called defendant).· The respective judgments were for $1,500 in favor of plaintiff, Alice LeMaitre; $500 for plaintiff, Clara Gage; and $75 for plaintiff, Bobbie Tigue.

The action in the instant case is predicated on a suit for damages sustained by plaintiffs by reason of a fire which destroyed their property and which they alleged was caused by the defendant through its negligence and carelessness in the installation and maintenance of its electric meter and wires attached thereto and the flow of electric current therein so that heat and sparks were emitted therefrom and ignited and set fire to the building occupied by plaintiffs. Plaintiff LeMaitre was the owner of the building and the other two plaintiffs were tenants.

The evidence disclosed that the defendant, a public utility engaged in the sale of electric energy, supplied electric service to the building damaged by fire. In connection with the supply of such electric current the defendant maintained an electric meter near the corner

of the west wall of the kitchen. Wires connected a fuse box and the meter, the wires on the fuse box side of the meter being referred to as the "load wires" from which the current came into the meter, and the wires leaving the meter were the so-called "supply wires" or outlet wires. It was shown in the court below that at about 3:00 o'clock a. m. on December 6, 1945 a fire was discovered in the apartment of plaintiff, Clara Gage. An elderly tenant who had been a roomer living with plaintiff and her husband was then sleeping in the front room. There was no evidence prior to the time when plaintiff Gage and the elderly roomer had retired respectively, that the meter was defective in any manner. The plaintiff Gage smelled something burning and called the elderly roomer, who investigated. He testified that he saw the wires in the meter and leading down from the meter were on fire and that "drops of fire" were dripping from the insulation on the wires. He also stated that he could see a glow through the glass in the meter inside the meter where the wheels turn around. At the time to which he testified a wall area about two feet square about six or eight inches below the meter was on fire. He attempted to extinguish the blaze with a bucket of water from the sink but it had no effect and both he and the plaintiff Gage left the house hurriedly. The fire made substantial and rapid progress. The damages sustained by the plaintiffs as a result of the fire were not in dispute. There was evidence from firemen who had entered the building, as well as an employee of the defendant utility, that the fire burned somewhat away from the meter and not at the meter. It is noted that upon this subject the evidence was in conflict.

It was also shown that the morning after the fire an employee of the defendant company had come to the plaintiffs' premises and removed the meters from the property. At the trial of the cause a meter was introduced in evidence which was identified by defend-

ant's employees as the meter which was removed from the property which had burned. There was a little smoke on the outside of the case, but no indication that there had been fire in the meter. There was testimony in the cause that the meter which was in the house immediately after the fire was hanging loose from the wall, with blisters on its cover and burned out of shape, with the hands of the meter burned off. On the basis of the evidence presented the jury returned verdicts in favor of plaintiffs in amounts which were approximately 50 per cent of the damages requested by the respective plaintiffs.

The court below denied the defendant's motions for a directed verdict at the close of all the evidence, and, likewise, overruled the defendant's motions for judgments notwithstanding the verdicts and for new trial. This appeal was taken from the entry of the judgments on the verdicts.

It is contended by the defendant company that the trial court should have directed a verdict for the defendant for the reason that there was no evidence of neglect on the part of defendant which might have caused the fire. While it is true that defendant is not an insurer of plaintiffs' property but is only required to exercise reasonable care with respect to it (*Pressley v. Bloomington & Normal Railway & Light Co.,* 271 Ill. 622, 633; *Martin v. Village of Patoka,* 305 Ill. App. 51, 59), yet where evidence is produced, as it was in the instant cause that fire and sparks were coming from and located in the meter, it would not be proper for the trial court to direct a verdict. If there is any evidence which fairly tends to prove the allegations of plaintiffs' complaint a verdict should not be directed, but the court must consider the evidence produced by plaintiff, together with all reasonable inferences to be drawn therefrom in giving consideration to such motion (*Blumb v. Getz,* 366 Ill. 273).

When plaintiffs introduced the evidence shown in this cause of fire or sparks in the meter the question of whether the defendant was negligent was fairly a question for the jury. The meter was under the control of the defendant company and an occurrence such as a fire in the meter would not have happened in the ordinary course of events so that when evidence of such fire in the meter was introduced by plaintiffs, plaintiffs had made a *prima facie* case and it then devolved on the defendant to introduce evidence which taken in connection with the evidence of the occurrence and conditions and circumstances would overcome the presumption that defendant had failed to exercise due and ordinary care (*Feldman v. Chicago Rys. Co.,* 289 Ill. 25; *O'Hara v. Central Illinois Light Co.,* 319 Ill. App. 336).

Since a fair question of fact was raised by the proof and the jury has passed upon it, the verdicts of the jury will not be disturbed on appeal as being against the manifest weight of the evidence even though we may have reached a different conclusion if the facts had been presented to us in the first instance (*People v. Hanisch,* 361 Ill. 465; *Rembke v. Bieser,* 289 Ill. App. 136).

Similarly, the mere fact that the verdicts which were returned were for a lesser sum than requested by the plaintiffs will not be the basis of a reversal under the facts (*Becker v. People,* 164 Ill. 267; *Moyers v. Illinois Cent. R. Co.,* 197 Ill. App. 179).

The judgments of the circuit court of St. Clair county will, therefore, be affirmed.

*Judgments affirmed.*

BARTLEY and SMITH, JJ., concurring.