ELINOR M. HAMER, a Minor, by Paul E. Hamer, her Father and Next Friend, Plaintiff-Appellant, *v.* THE BOARD OF EDUCATION OF TOWNSHIP HIGH SCHOOL DISTRICT NO. 113, COUNTY OF LAKE, Defendant-Appellee.

Second District   No. 77-495

Opinion filed November 29, 1978.

Paul E. Hamer, of Northbrook, for appellant.

Bernard J. Nussbaum and Philip A. Haber, both of Sonnenschein, Carlin, Nath & Rosenthal, of Chicago, for appellee.

Mr. JUSTICE NASH delivered the opinion of the court:

Plaintiff, Elinor M. Hamer, appeals from the dismissal of her complaint in which she sought declaratory judgment, injunction and other relief against defendant, Board of Education of Township High School District No. 113 (hereinafter referred to as the Board). Plaintiff asserted that a purported disciplinary policy of the Board and regulations adopted by the administrators of Deerfield High School pursuant thereto are illegal and unconstitutional. Essentially, plaintiff seeks in this action to test the right of school authorities to reduce her subject grades as punishment for an unauthorized absence from school.

The Board filed a motion to dismiss this appeal which we ordered taken with the case, together with plaintiff's motion to amend the record on appeal, and we will consider that issue first. The Board's motion noted that the notice of appeal filed August 23, 1977, failed to properly specify, pursuant to Supreme Court Rule 303(c)(2) (Ill. Rev. Stat. 1975, ch. 110A, par. 303(c)(2)), the order or judgment from which plaintiff appeals. The notice of appeal, in its entirety, states as follows:

"YOU ARE HEREBY NOTIFIED that the plaintiff in the above entitled cause hereby appeals to the Appellate Court of Illinois, Second District, pursuant to Supreme Court Rule 303, from the order entered on March 1, 1977, dismissing the First Amended Complaint as well as the order entered on July 18, 1977, refusing to reconsider the prior order and the plaintiff prays that the reviewing Court reverse said orders, remanding the cause for action by the trial court, consistent with such views as may be expressed by the reviewing court."

In fact, the trial court's order dismissing the first amended complaint was entered March 11, 1977, and its order denying reconsideration was entered July 25, 1977. The Board contends that the misdating of the orders appealed from in the notice of appeal is fatal and deprives this court of jurisdiction.

■■■ As stated in *Department of Transportation v. Galley* (1973), 12 Ill. App. 3d 1072, 1075, 299 N.E.2d 810, 813, "the purpose of a notice of appeal is to inform the party in whose favor a judgment or decree has been rendered that the unsuccessful party desires a review of the case by a higher tribunal," and, as we said in *First National Bank v. City of Aurora* (1976), 41 Ill. App. 3d 326, 330, 353 N.E.2d 309, 312-13, "[t]he notice should be considered as a whole and where the notice fairly and adequately sets out the judgment complained of and the relief sought so that the successful party is advised of the nature of the proceedings then the absence of strict technical compliance with the form of notice

is not fatal. [Citations.]" In our view the faulty notice of appeal was sufficient to advise the Board of those orders from which appeal was taken and the relief sought by plaintiff and it is, therefore, jurisdictionally sufficient. As the effect of the offered amendment correcting the dates of the orders appealed from would not be to identify them for the first time, plaintiff's amendment in that regard will be allowed and the Board's motion to dismiss the appeal will be denied.

The material allegations of the complaint state the following as facts:

Plaintiff was a student attending one of the district high schools under the jurisdiction of the Board and on Friday, September 19, 1975, she left school during the lunch period on an emergency matter without advising any teacher or staff member. On the following Monday plaintiff returned and presented to the school authorities a note from her mother, June T. Hamer, excusing her absence of the preceding Friday afternoon. Plaintiff was thereupon informed by an administrative assistant of her school that as she had left the premises without informing either a teacher or staff member her absence was unauthorized and, as punishment, her grades in the missed subjects would be reduced by 3% in each of the three courses she missed on that day.

The complaint alleged that some of her teachers did reduce her grade average as required by an administrative rule of her high school but that others refused to do so. She further alleged that the grade reduction reduced her final grade average and did affect her class standing. The complaint also alleged she and her parents were informed by the assistant superintendent of schools that the grade reduction was authorized by Board policy and the rules and regulations adopted by her high school pursuant to it. Plaintiff's parents exchanged correspondence with school authorities and met with plaintiff's principal who advised them her absence without notifying any teacher or staff member was unauthorized under those rules and did make her subject to the punishment imposed.

The policy of the Board referred to in the complaint was demonstrated by an exhibit attached to it, purportedly a document adopted by the Board which provided that each principal of a school under its jurisdiction may adopt rules and regulations which shall remain in effect so long as they are permitted by law and the policies of the Board. Under the authority of that general statement of the Board, the administrators of plaintiff's school had adopted regulations relating to attendance, truancy, absences and other matters concerning school activities. While copies of those rules and regulations are not attached to plaintiff's first amended complaint which we are considering, earlier pleadings filed in this case do refer to an exhibit entitled "Departmental Policies Regarding Unauthorized Absences" adopted by plaintiff's high school administrators which varies somewhat in application between departments but provides generally that 3% of the total grade of a

student will be deducted for each unauthorized absence. It seems apparent from the arguments of the parties in the trial court and on appeal that they consider that exhibit a part of the complaint and we will so consider it here.

The complaint challenged the legal sufficiency of the grade reduction penalties imposed by the school on a wide range of statutory and constitutional grounds and sought to prevent defendant from enforcing that sanction against plaintiff. As pertinent to our discussion of this matter, the complaint alleges there is no statutory authority for the reduction of a grade average of a student as a disciplinary sanction and that to do so in this manner deprives plaintiff of both procedural and substantive due process contrary to the Federal and State constitutions.

Defendant's motion to dismiss the complaint, brought under section 45 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 45), alleged the complaint failed to state a cause of action and was insufficient in law. It further urged that plaintiff lacked standing to bring this action as she had failed to allege injury resulting from the conduct of which she complained.

The question before us is whether the allegations of the complaint, taken as true for this purpose, state a cause of action for which relief can be granted (*Hamer v. Village of Deerfield* (1975), 33 Ill. App. 3d 804, 807, 338 N.E.2d 242, 246), and we will consider it in that light. The statutory authority under which a board of education may provide for the discipline of its students is found in sections 10—20.5 and 24—24 of the School Code (Ill. Rev. Stat. 1975, ch. 122, pars. 10—20.5, 24—24), which empower a board of education to enact rules and regulations to that end. (See also *Gerrity v. Beatty* (1978), 71 Ill. 2d 47, 373 N.E.2d 1323.) The School Code does not specify that a grade reduction shall or might be imposed upon a student as a disciplinary measure unrelated to the scholastic attainments of the student, nor does it suggest what relationship, if any, might exist between an earned grade in a subject and sanctions which might be imposed by school administrators for conduct outside the classroom. It does not appear that the Board has given specific consideration to disciplinary matters as it has simply delegated general authority to its separate school administrators to carry out Board policy by adopting "lawful" rules and regulations in conformance with an unstated Board policy. As a consequence plaintiff's complaint alleges that the sanction to which she objects was devised solely by her school administrator and is applied differently in the various departments of her school and by the teachers and administrators to the students who become subject to it. She contends the sanction is not authorized by either statute or a regulation of the Board and that it offends constitutional guarantees.

■■■ It has been established that rights incident to a public education are property rights entitled to both substantive and procedural due process protection. (*Knight v. Board of Education* (1976), 38 Ill. App. 3d 603, 607, 348 N.E.2d 299, 302.) It is also apparent that further educational and employment opportunities can be impaired by a poor school record or, by the same token, enhanced by a good record. (See *Goss v. Lopez* (1975), 419 U.S. 565, 42 L. Ed. 2d 725, 95 S. Ct. 729.) Defendant and the trial court placed heavy reliance upon the decision of the Fourth District Appellate Court in *Knight*; it is apparently the only reported case in which the issue of a grade reduction sanction has been considered by a reviewing court. We are aware the majority in *Knight* concluded on the evidence there adduced that a student was not deprived of substantive due process by a grade reduction imposed for an unexcused absence. We have also considered the thoughtful dissent in that case. The limited issue before us on this record, however, is whether a cause of action is asserted affecting the substantive or procedural rights of plaintiff and resulting in damage to her. Taking the allegations of the complaint as true, as we must, it is our view plaintiff is entitled to be heard on the question of whether the grade reduction sanction for unauthorized absence is an approved policy of the Board; what, if any, procedural remedies are available to plaintiff before such a serious sanction may be applied; and whether its application arbitrarily and capriciously results in a grade reduction without a subjective determination of a classroom teacher. (See *Knight*, 38 Ill. App. 3d 603, 608, 348 N.E.2d 299, 303.) In our view plaintiff's complaint is sufficient to require appropriate response by the Board and a hearing to determine whether her right to due process has been violated by procedural infirmities or substantively by the application of arbitrary grade reduction penalties having no reasonable relationship to the disciplinary objectives sought to be attained by the Board.

Plaintiff has sought to raise a wide range of other issues relating to claimed constitutional or statutory deficiencies affecting this matter. We have carefully considered the complaint and the arguments made by plaintiff in support of those allegations and find them to be without merit.

For the reasons we have stated the judgment of the Circuit Court of Lake County will be reversed and the cause remanded for proceedings not inconsistent with this opinion.

Reversed and remanded.

SEIDENFELD, P. J., and WOODWARD, J., concur.