LINDA RINCK, Plaintiff-Appellant, *v.* PALOS HILLS CONSOLIDATED HIGH SCHOOL DISTRICT NO. 230 *et al.*, Defendants-Appellees.

First District (2nd Division)    No. 78-1113

Opinion filed October 9, 1979.—Rehearing denied December 4, 1980.

Baskin, Server & Berke, of Chicago (Douglas Bristol and Perry Berke, of counsel), for appellant.

Baker & McKenzie, of Chicago (Francis D. Morrissey, John T. Coleman, Daniel J. Cheely, and Terrence M. Johnson, of counsel), for appellees.

Mr. JUSTICE PERLIN delivered the opinion of the court:

Plaintiff, Linda Rinck, filed a two-count complaint against defendants, Palos Hills Consolidated High School District No. 230 and Stagg High School, alleging that plaintiff was injured as a result of defendants' alleged negligence in providing students with dangerous electrical equipment and outlets. The circuit court of Cook County dismissed both counts of the complaint and plaintiff appeals. The sole issue presented for appeal is whether the trial court erred in dismissing the complaint.

We affirm.

On April 4, 1977, plaintiff filed a complaint against defendant alleging that on April 5, 1976, plaintiff was a student at defendant Stagg High School, a school operated by defendant school district. While attendng a home economics class known as Foods III, another student, who was standing adjacent to plaintiff, inserted the plug of an electric frying pan into an electrical outlet. When the plug was inserted, a spark or fragment hit plaintiff and "caused electrical shock" to plaintiff's right hand and arm. Count I of the complaint alleged negligence by defendants in that defendants failed to maintain and inspect the electrical system and equipment on the school premises. Count II alleged a *res ipsa loquitur* theory of negligence, stating that but for some act or omission by defendants in the operation and maintenance of the electrical system and devices, plaintiff would not have been injured. Counts III and IV alleged negligence on the part of the teacher and school nurse, respectively, and count V alleged wilful and wanton negligence.

On May 1, 1977, defendants filed a motion to dismiss the complaint, alleging that under *Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, 347 N.E.2d 705, an action for negligence cannot be brought against a school district or its employees. Defendants alleged that there was no cause of action for wilful and wanton negligence.

On May 31, 1977, the trial court dismissed the complaint but granted plaintiff leave to file an amended complaint. Plaintiff filed an amended complaint alleging the facts as stated above. Count I of the amended complaint alleged negligence by defendants in providing students with dangerous and defective electrical outlets and equipment and in failing to maintain such equipment in a reasonably safe condition. Count II alleged a *res ipsa loquitur* theory of negligence.

Defendants filed a motion to dismiss the complaint alleging that plaintiff's complaint merely repleaded the same causes of action that were previously dismissed. On February 8, 1978, the motion to dismiss was denied.

On March 6, 1978, defendants filed a motion to vacate the order of

February 8, 1978, and to dismiss the complaint. Defendants contended that the complaint failed to state a cause of action because plaintiff did not allege that defendants had knowledge of the purportedly defective condition, and that the *res ipsa loquitur* theory was not applicable. Pursuant to defendants' motion, the trial court dismissed counts I and II of the amended complaint and granted plaintiff 28 days in which to file a second amended complaint. Plaintiff filed a motion to vacate the order, and on March 29, 1978, the trial court entered an order dismissing count II with prejudice and striking count I with leave to amend within 28 days. A second amended complaint realleging count I was never filed. On April 28, 1978, plaintiff filed a notice of appeal from the order of March 29, 1978, "dismissing Count II of the plaintiff's complaint."

■■■ Plaintiff contends on appeal that the trial court erred in dismissing counts I and II of the amended complaint. However, an initial question is raised as to whether this court has jurisdiction with respect to count I since plaintiff's notice of appeal refers only to that part of the court's order dismissing count II. It is well established that the notice of appeal is the only jurisdictional step in the appellate process (Ill. Rev. Stat. 1977, ch. 110A, par. 301), and the appellate court has jurisdiction only of those matters which are raised in the notice of appeal (*Lewanski v. Lewanski* (1978), 59 Ill. App. 3d 805, 815, 375 N.E.2d 961; *People v. Harvey* (1972), 5 Ill. App. 3d 499, 502, 285 N.E.2d 179, *cert. denied* (1973), 410 U.S. 983, 36 L. Ed. 2d 179, 93 S. Ct. 1504.) Defendants argue that in the case at bar, since plaintiff limited the notice of appeal to dismissal of count II of the complaint, the scope of this court's review is also so limited. However, this court has recently held that the notice of appeal should be considered as a whole and where the notice fairly and adequately sets out the judgment appealed from so as to inform the successful party of the nature of the proceedings, the absence of strict technical compliance with the form of notice is not fatal. (*Hamer v. Board of Education* (1978), 66 Ill. App. 3d 7, 8-9, 383 N.E.2d 231.) The notice of appeal in the case at bar specified that the judgment appealed from was the order of March 29, 1978, and the relief requested that this "this cause be remanded to the Circuit Court of Cook County, Law Division, for a hearing and trial on plaintiff's complaint." Since the order of March 28, 1978, dismissed both counts of the amended complaint, the notice of appeal was sufficient to advise defendants of the nature of the proceedings. The language referring to count II of the complaint was surplusage and is not fatal to this court's review of the dismissal of count I.

Section 24—24 of the School Code (Ill. Rev. Stat. 1975, ch. 122, par. 24—24), provides in pertinent part:

"In all matters relating to the discipline in and conduct of the

schools and the school children, [teachers and other certificated educational employees] stand in the relation of parents and guardians to the pupils. This relationship shall extend to all activities connected with the school program and may be exercised at any time for the safety and supervision of the pupils in the absence of their parents or guardians."

Section 34—84a of the School Code (Ill. Rev. Stat. 1975, ch. 122, par. 34—84a) is identical in language and purpose to section 24—24, except that the former applies to a school district having a population more than 500,000 while the latter applies to a smaller school district. (See *Edmonson v. Chicago Board of Education* (1978), 62 Ill. App. 3d 211, 379 N.E.2d 27, *appeal denied* (1978), 71 Ill. 2d 617.) The supreme court held in *Kobylanski* that section 24—24 was intended to confer *in loco parentis* status in nondisciplinary as well as disciplinary matters and that the plaintiff-student must therefore prove wilful and wanton misconduct in order to impose liability upon teachers and other certificated educational employees. Thus, in *Kobylanski* the court held that a student, who had been injured during a physical education class, could not maintain an action against the school district and the physical education teacher for alleged negligent supervision and failure to provide instruction.

In *Gerrity v. Beatty* (1978), 71 Ill. 2d 47, 373 N.E.2d 1323, a student brought an action against a school district alleging, *inter alia*, that he was injured as a result of negligence by the school district in furnishing the student-plaintiff with an ill-fitting and inadequate football helmet. The supreme court held that the factual allegations fell outside the scope of section 34—84a of the School Code. The court stated:

"* * * count VI in the case at bar did not allege negligence arising out of the teacher-student relationship in matters relating to the teacher's personal supervision and control of the conduct or physical movement of a student, but instead alleged negligence in connection with what we consider to be the separate function of furnishing equipment which was alleged to be inadequate, ill-fitting and defective and which was known, or which in the exercise of ordinary care should have been known, to be liable to cause injury to the plaintiff. The public policy considerations in authorizing, and indeed encouraging, teachers to have broad discretion and latitude in the former situation quite clearly do not apply with as much force to the latter. On the contrary, public policy considerations argue rather strongly against any interpretation which would relax a school district's obligation to insure that equipment provided for students in connection with activities of this type is fit for the purpose. To hold school districts

to the duty of ordinary care in such matters would not be unduly burdensome, nor does it appear to us to be inconsistent with the intended purposes of sections 24—24 and 34—84a of the School Code." (71 Ill. 2d 47, 52-53.)

Thus, the court held that the school district was subject to liability for ordinary negligence in the furnishing of defective football equipment and that plaintiff-student need not prove wilful and wanton misconduct.

■■ In the case at bar, plaintiff, relying on *Gerrity*, contends that count I of her amended complaint states a cause of action for negligence in furnishing defective equipment (the frying pan) and electrical outlets. However, as defendants contend, the amended complaint does not contain an allegation that defendants knew, or in the exercise of ordinary care should have known, of the defective condition. It is true that the court in *Gerrity* did not hold specifically that knowledge of the defect was a necessary element of the cause of action. However, in *Gerrity* defendants' knowledge of the alleged defect in the equipment was not at issue since the complaint alleged that defendants knew or should have known of the inadequacy of the equipment. Further, the court in *Gerrity* held that a school district had a duty of ordinary care in providing students with equipment. The court did not hold that a school district is strictly liable for any defect as is true with regard to a manufacturer. Without the allegation and proof that the school district knew or in the exercise of ordinary care should have known of the defect in the equipment, the school district would be held to be the insurer of all equipment furnished to its students. Such would be unduly burdensome and contrary to the language in *Gerrity* and the School Code. Since the amended complaint in the case at bar did not contain an allegation of defendants' knowledge, we conclude that the trial court did not err in dismissing count I of the amended complaint.

Count II of plaintiff's amended complaint alleged a *res ipsa loquitur* theory of negligence stating that but for some negligence by defendants in the maintenance of its equipment and electrical system, plaintiff would not have been injured. Plaintiff contends that the *res ipsa loquitur* theory is applicable to the facts in the case at bar and that the trial court erred in dismissing count II of the amended complaint.

■ The court in *Metz v. Central Illinois Electric & Gas Co.* (1965), 32 Ill. 2d 446, 448-49, 207 N.E.2d 305, expressed the *res ipsa loquitur* doctrine as follows:

"When a thing which caused the injury is shown to be under the control or management of the party charged with negligence and the occurrence is such as in the ordinary course of things would not have happened if the person so charged had used proper care, the

accident itself affords reasonable evidence, in the absence of an explanation by the party charged, that it arose from want of proper care."

The purpose of the doctrine is to allow proof of negligence by circumstantial evidence when the direct evidence concerning the cause of the injury is primarily within the knowledge and control of defendant. Before the doctrine is applicable, however, plaintiff must show that defendants had exclusive control over the instrumentality that actually caused the accident. (*Cox v. Yellow Cab Co.* (1975), 61 Ill. 2d 416, 337 N.E.2d 15; *Metz.*) Whether the doctrine of *res ipsa loquitur* applies in a particular case is a question of law which must be decided by the court. *Metz.*

■■ In the case at bar, the amended complaint alleges that either the frying pan or the electrical outlet were not properly maintained by defendants and that a defect in one or both caused the injuries to plaintiff. However, the amended complaint further alleges that another student was using the frying pan at the time of the injury, thus suggesting the conclusion that defendants did not have exclusive control over the instrumentality that may have caused the injury. There is no allegation by plaintiff that the student who was using the frying pan was exercising due care, and it is at least a possibility that the student's negligence caused the injury. If this were in fact true, then defendants' alleged negligence would be in the supervision of the students using the equipment and under *Kobylanski* such negligence would not be actionable against defendants. Since it is apparent from the allegations in the complaint that defendants did not have exclusive control of the alleged accident causing instrumentality, the *res ipsa loquitur* doctrine is not applicable. (See *Publication Corp. v. Chicago River & Indiana R.R. Co.* (1977), 49 Ill. App. 3d 508, 364 N.E.2d 523.) Further, the doctrine is inapplicable because the facts as alleged do not necessarily infer negligence on the part of defendants. There are several possible causes for the accident apart from any negligence by defendants; for example, the student using the frying pan could have been negligent, or the frying pan may have had an inherent defect for which the manufacturer would potentially be liable, or there may have been a defect in the electrical system for which the power company, not the school, would potentially be liable. We note that the cases relied upon by plaintiff are distinguishable from the case at bar in that those cases involve actions against power companies for negligence in maintaining electrical equipment (*Le Maitre v. Union Electric Power Co.* (1947), 331 Ill. App. 270, 73 N.E.2d 125; *O'Hara v. Central Illinois Light Co.* (1943), 319 Ill. App. 336, 49 N.E.2d 274), or involve products liability actions (*Moore v. Jewel Tea Co.* (1969), 116 Ill. App. 2d 109, 253 N.E.2d 636, *aff'd* (1970), 46 Ill. 2d 288, 263 N.E.2d 103).

■■■ In determining the legal sufficiency of a complaint on a motion to dismiss, the trial court, as well as this court, is required to accept all well-pleaded facts as true and then is to determine whether the allegations of the complaint, when interpreted in a light most favorable to plaintiff, are sufficient to state a cause of action against defendants. (*McCauley v. Chicago Board of Education* (1978), 66 Ill. App. 3d 676, 384 N.E.2d 100.) A cause of action is properly dismissed on the pleadings where it clearly appears that no set of facts can be proved which will entitle the plaintiff to relief. (*Winnett v. Winnett* (1974), 57 Ill. 2d 7, 310 N.E.2d 1.) After viewing count II of the complaint in a light favorable to plaintiff, we conclude that the amended complaint fails to state a cause of action for negligence based on the *res ipsa loquitur* theory. Thus, we find that the trial court did not err in dismissing count II of the amended complaint.

Based on the foregoing we affirm the order of the circuit court of Cook County.

Affirmed.

STAMOS, P. J., and DOWNING, J., concur.