CARL E. WUENCH *et al.*, Plaintiffs-Appellants, *v.* FORD MOTOR COMPANY *et al.*, Defendants-Appellees.

First District (1st Division)   No. 81-813

Opinion filed February 1, 1982.

Francis W. Gulbranson, of Prairie View, for appellants.

Baker & McKenzie, of Chicago (Francis D. Morrissey, Edward J. Zulkey, Terrence M. Johnson, and Mark L. Karasik, of counsel), for appellees.

JUSTICE GOLDBERG delivered the opinion of the court:

Carl E. Wuench and Terry L. Wuench Lee (plaintiffs) brought an action against Ford Motor Company and Nelsen Hirschberg, Incorporated (defendants), for personal injuries and "property damage" which allegedly resulted from a defect in an automobile. Plaintiffs' complaint consisted of eight counts alleging negligence, breach of warranty, strict liability in tort, *res ipsa loquitur*, and damage to property. Counts IV and

VIII seeking recovery based on *res ipsa loquitur*, and count VII based on "property damage" were dismissed by the trial court for failure to state a cause of action. Plaintiffs appeal.

We will accept as true the pertinent well-pleaded facts in plaintiffs' complaint. (*Soules v. General Motors Corp.* (1980), 79 Ill. 2d 282, 284, 402 N.E.2d 599.) On or about March 13, 1978, plaintiff Carl E. Wuench, contracted with defendant Nelsen Hirschberg, Incorporated, to purchase a 1978 Fort L.T.D. manufactured by defendant Ford Motor Company. The automobile was delivered to plaintiff Carl E. Wuench on May 2, 1978. On August 26, 1978, plaintiff Terry Wuench Lee was driving the automobile when the left rear axle allegedly "broke off, causing the car to turn over and crash." Plaintiff Lee seeks recovery for personal injuries, and plaintiff Wuench seeks recovery for damage to the car and attendant expenses.

Defendants first contend the instant appeal should be dismissed. Defendants argue plaintiffs' complaint presents a single basis for recovery and therefore is actually a single cause of action. Defendants insist because the remaining counts in the complaint seek the same recovery, the partial dismissal by the trial court did not effectively terminate the litigation between the parties, and hence is not final and appealable. See, *e.g., Johnson v. Northwestern Memorial Hospital* (1979), 74 Ill. App. 3d 695, 393 N.E.2d 712.

The case most supportive of defendants' position is *Prado v. Evanston Hospital* (1979), 72 Ill. App. 3d 622, 390 N.E.2d 1270. In *Prado* we dismissed an appeal from the dismissal of a *res ipsa loquitur* count. The only additional count, sounding in negligence, remained to be litigated and was not involved in the appeal. We reasoned *res ipsa loquitur* "is a rule of evidence and not a separate theory of recovery." (72 Ill. App. 3d 622, 625.) Therefore, the pendency of the negligence cause of action prevented dismissal of the *res ipsa loquitur* count from being a final order. We do not believe *Prado* controls the case at bar.

■■ First, unlike *Prado*, the complaint in the instant case does allege alternate theories of recovery besides *res ipsa loquitur* and negligence. In the instant case, plaintiffs seek recovery based on product liability and breach of warranty as well as on negligence. Also, plaintiffs seek separate recovery for personal injuries and damage to the automobile. Because the instant appeal includes the dismissal of the count seeking recovery for the damage to the car, as well as the dismissal of the *res ipsa loquitur* counts, we are constrained not to dismiss the appeal. Second, regarding the dismissal of the *res ipsa loquitur* counts alone, since *Prado* this court has dealt with the merits of a count alleging *res ipsa loquitur* while the litigation was still in the pleading stage. (See *Rinck v. Palos Hills*

*Consolidated High School District No. 230* (1979), 82 Ill. App. 3d 856, 403 N.E.2d 470, *appeal denied* (1980), 79 Ill. 2d 634.) Therefore, it seems proper for us to dispose of the present appeal on its merits.

Regarding the merits of the case, defendants argue plaintiffs cannot maintain an action under *res ipsa loquitur* because they cannot establish defendants had exclusive control over the automobile at the time of the accident. See *Rinck*, 82 Ill. App. 3d 856, 862.

Plaintiffs contend the fact that defendants did not have control of the automobile is not sufficient to defeat *res ipsa loquitur* as long as the intervening possession is not of such a nature as to destroy the inference of negligence. Plaintiffs have correctly stated the law of Illinois (see *Kruger v. Newkirk* (1976), 40 Ill. App. 3d 581, 585, 352 N.E.2d 436) but have incorrectly applied the law to the instant case.

Plaintiffs rely on three cases: *Kruger, May v. Columbian Rope Co.* (1963), 40 Ill. App. 2d 264, 189 N.E.2d 394, and *Bustamante v. Carborundum Co.* (7th Cir. 1967), 375 F.2d 688. We find these cases factually distinguishable from the case at bar.

In *May*, a rope which plaintiff described as " 'brand new,' having been placed in use on the morning of the accident" (40 Ill. App. 2d 264, 269), snapped while supporting plaintiff on a scaffold. We held the intervening possession was not sufficient to sustain a judgment *n.o.v.* for defendants, and ordered a new trial. 40 Ill. App. 2d 264, 279.

In *Bustamante*, the seventh circuit applied Illinois law in a case in which plaintiff was injured after a grinding wheel which had been installed on the previous day, disintegrated after a total of one-half hour of normal use. (375 F.2d 688, 689.) The court concluded the intervening possession and short use of the grinding wheel did not invalidate the jury's inference of negligence by the manufacturer.

In *Kruger*, approximately three weeks after plaintiff took possession of a new house, he discovered water damage caused by leaks in plumbing pipes installed by defendant. (40 Ill. App. 3d 581, 583.) We held the intervening use and possession of the plumbing by plaintiff was not sufficient to invalidate a jury verdict for plaintiff.

In each of these cases, the possession was not of such a character as to dispel an inference of negligence. In *Bustamante* and *May*, the intervening possession was for only several hours. In *Kruger*, the short-term possession was of plumbing, a product not readily susceptible to customer abuse.

In contrast, plaintiffs in the instant case used and possessed the automobile for almost four months. By their very nature, automobiles are products the condition of which is drastically affected by the way they are used. It is certainly possible that within the four-month period during

which plaintiffs possessed the automobile the product was in some way misused or in some way suffered damage which could have contributed to the alleged failure of the rear axle.

In *Rinck,* we addressed the case of a student injured by an allegedly defective frying pan. In holding the doctrine of *res ipsa loquitur* did not apply, we stated (82 Ill. App. 3d 856, 862):

> "Further, the doctrine is inapplicable because the facts as alleged do not necessarily infer negligence on the part of defendants. There are several possible causes for the accident apart from any negligence by defendants; for example, the student using the frying pan could have been negligent, or the frying pan may have had an inherent defect for which the manufacturer would potentially be liable, or there may have been a defect in the electrical system for which the power company, not the school, would potentially be liable."

■■ In the case at bar, the intervening possession of the automobile presents plausible explanations for the accident other than the negligence of defendants. For that reason the evidentiary presumption of negligence is not appropriate here. Therefore, the dismissal of counts IV and VIII alleging *res ipsa loquitur* is affirmed.

In count VII of plaintiffs' complaint, plaintiff Wuench prayed for $7,000 reflecting damage to the automobile sustained in the accident. The complaint states in part:

> "As a proximate result of the negligence aforesaid, the automobile belonging to CARL WUENCH became severely damaged, and he was required to expend great monies to repair and replace the same, and that he incurred expenses in removing the damaged car from the scene of the occurrence, and that he was deprived of the use of the said car, and was required to spend great sums of money for replacement use of said car."

The trial court dismissed the count, holding it sought recovery for economic loss which is generally not permitted in a tort action and is "removed from the field of tort liability." (See *Fireman's Fund American Insurance Companies v. Burns Electronic Security Services, Inc.* (1980), 93 Ill. App. 3d 298, 301, 417 N.E.2d 131.) We note the contrary authority of *Moorman Manufacturing Co. v. National Tank Co.* (1980), 92 Ill. App. 3d 136, 138-39, 414 N.E.2d 1302, *appeal allowed* (1981), 83 Ill. 2d 571, where this court held economic losses are recoverable "under the tort theories of strict liability in tort, negligence, misrepresentation." (92 Ill. App. 3d 136, 138.) We prefer to follow *Fireman's Fund American Insurance Companies.*

In *Fireman's Fund American Insurance Companies* we dealt with a claim for losses from a robbery allegedly caused by the failure of an alarm

system. We discussed the distinction between property damage and economic loss extensively (93 Ill. App. 3d 298, 300-01):

> "Economic loss, as we view it, is the loss of the benefit of the user's bargain. It is the loss of the service the product was supposed to render, including loss consequent upon the failure of the product to meet the level of performance expected of it in the consumer's business. * * * For example, if a fire alarm fails to work and a building burns down, that is 'economic loss' even though the building was physically harmed; but if the fire is caused by a short circuit in the fire alarm itself, that is not economic loss.
>
> * * *
>
> The definition of economic loss is inextricably linked to the reasons why that type of loss is removed from the field of tort liability. When goods are sold, their soundness is the core of the bargain. It is for the parties to decide what the consequences will be if the bargain founders. An entire body of law, contracts—of which product warranties is a part—is available to govern those areas of the relationship concerning which the bargain is silent. There is thus no need for the law of torts to define the rights of parties in privity when they have done so themselves. When a buyer loses the benefit of his bargain because the goods are defective, that is, when he suffers economic loss, he has his contract to look to for remedies. Tort law need not, and should not, enter the picture."

■■ According to the language quoted above, we believe the loss sustained in the case at bar constitutes economic loss rather than property damage. We believe it is important that the complaint alleges the automobile is the defective product. Because the automobile itself was allegedly defective, any loss suffered by plaintiff Wuench was the "loss of the benefit of the user's bargain." For us to sustain plaintiffs' position we would be expounding the rather novel theory that plaintiff Wuench had purchased a defective rear axle which damaged his property, his automobile. We do not believe this reasoning is either logical or practical. In our opinion, count VII was properly dismissed.

In any event, our ruling has little or no practical significance. In a pending count plaintiffs seek damages for the defective automobile under the theory of breach of warranty. This court was not dismissed by the trial court and remains to be litigated in due course. For these reasons the judgment appealed from is affirmed.

Judgment affirmed.

CAMPBELL, P. J., and O'CONNOR, J., concur.