SALLIE JEAN JONES *et al.*, Plaintiffs-Appellants, v. ALLEN B. MINSTER *et al.*, Defendants-Appellees (William C. Schafernak, Defendant).

Second District    No. 2—93—0156

Opinion filed June 2, 1994.—Rehearing denied July 6, 1994.

Howard J. Rigsby, of Rigsby & McAuley, of Waukegan, and John G. McAuley, of Rigsby & McAuley, of Chicago, for appellants.

Donald L. Sime, of Brydges, Riseborough, Morris, Franke & Miller, of Waukegan, for appellee Allen B. Minster.

James K. Horstman, Barry L. Kroll, Kevin Campbell, and Lloyd E. Williams, Jr., all of Williams & Montgomery, Ltd., of Chicago, for appellee Chester G. Laskowski.

Thomas E. Rausch, of Campion, Curran, Rausch, Gummerson & Dunlop, P.C., of Crystal Lake, for appellee Michael H. Jacker.

Michael L. Henrick, of Hinshaw & Culbertson, of Waukegan, and D. Kendall Griffith and Bruce L. Carmen, both of Hinshaw & Culbertson, of Chicago, for appellee Jay L. Levin.

JUSTICE QUETSCH delivered the opinion of the court:

The plaintiff, Sallie Jean Jones, filed a complaint alleging a *res ipsa loquitur* theory of negligence against the defendants, Doctors Jacker, Laskowski, Levin, and Minster, seeking the recovery of damages for injuries allegedly caused during an operation on her back. The trial court granted summary judgment in favor of the defendants, and the plaintiff appeals. We reverse and remand.

The plaintiff underwent back surgery (a bilateral hemilaminectomy and diskectomy) at the Condell Memorial Hospital on August 25, 1989. Doctor Jacker, an orthopedic surgeon, was the primary surgeon for the procedure and he was assisted by Doctors Laskowski and Levin. During the operation, a tear occurred in the dura of the plaintiff's spinal column, and nerve roots protruded through the tear. Doctor Minster, a neurosurgeon working in a hospital 20 to 30

minutes away, was called to repair the tear. He immediately drove to the Condell Memorial Hospital and repacked the protruding nerves inside the dura and closed the tear with four sutures. Doctor Jacker then completed the surgery.

Following the surgery, the plaintiff developed bowel and bladder incontinence and loss of sensation in her saddle area. The plaintiff's expert witness, Doctor Kirshenbaum, a neurosurgeon who examined the plaintiff's medical records following her surgery, described these symptoms as cauda equina syndrome. The syndrome is caused by damage to the cauda equina, which are the nerve roots that extend down from the bottom of the spinal cord.

Doctor Kirshenbaum testified during his deposition that the plaintiff's cauda equina syndrome was the result of the surgery, since the symptoms had not appeared prior thereto. Doctor Kirshenbaum stated that he could not identify any specific actions by the defendants which caused the plaintiff's injuries. However, in his opinion, cauda equina syndrome cannot occur during this type of back surgery in the absence of negligence.

Doctor Daniel Wynn, a neurologist who treated the plaintiff after the operation, testified that the plaintiff does suffer from cauda equina syndrome and that such an illness is not an ordinary complication of back surgery. Doctor Wynn stated that something must have happened during the surgery which affected the nerve roots and spinal cord simultaneously, possibly an "ischemic insult." An ischemic insult is a period of time in the surgery when there was insufficient blood flow to the plaintiff's spinal cord. Doctor Wynn stated that an ischemic insult can occur during surgery in the absence of any negligence on the part of the doctors, and he had no opinion as to whether there was any medical negligence during the plaintiff's operation.

Doctor Jacker testified that the plaintiff did not suffer nerve damage during the surgery and that a possible nonnegligent cause of her illness was arachnoiditis, a condition where the nerve roots stick together. Doctor Jacker stated that Doctor Minster was asked to repair the torn dura because of his experience as a neurosurgeon in working with dural tissue. Doctor Minster testified that it was possible that the nerves could have been damaged when the dura was torn, although he had seen no evidence of nerve damage. Doctor Minster also testified that the plaintiff's injuries were not the result of his repair of the torn dura. The trial court subsequently granted summary judgment in favor of the four defendants on the plaintiff's claim of negligence based on *res ipsa loquitur*, and the plaintiff appeals.

Summary judgment is proper when, construing the evidence in the record strictly against the movant and liberally in favor of the opponent (*Smith v. Armor Plus Co.* (1993), 248 Ill. App. 3d 831, 839), the pleadings, depositions, affidavits, admissions, and other matters on file demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. (735 ILCS 5/2—1005(c) (West 1992).) A party against whom summary judgment is sought need not prove her case at this preliminary stage, but she must present some factual basis that would arguably entitle her to judgment. *Smith*, 248 Ill. App. 3d at 839.

The *res ipsa loquitur* doctrine is a species of circumstantial evidence permitting the trier of fact to draw an inference of negligence if the plaintiff demonstrates that she was injured (1) in an occurrence that ordinarily does not happen in the absence of negligence, and (2) by an agency or instrumentality under the exclusive control of the defendants. (*Gatlin v. Ruder* (1990), 137 Ill. 2d 284, 295, citing *Spidle v. Steward* (1980), 79 Ill. 2d 1, 5-6.) The plaintiff argues that there are questions of material fact regarding whether the elements of *res ipsa loquitur* exist in this case, and the trial court therefore erred in granting the defendants' motions for summary judgment.

The defendants argue that summary judgment was properly granted since the testimony established that a dural tear was an ordinary complication of the plaintiff's operation. They cite several cases which hold that *res ipsa loquitur* does not apply in a medical malpractice action where the injury is a normal or common complication of the surgery. (See *Chiero v. Chicago Osteopathic Hospital* (1979), 74 Ill. App. 3d 166; *Stringer v. Zacheis* (1982), 105 Ill. App. 3d 521.) However, the plaintiff is not suing the defendant because of the tear in her dura; she is seeking the recovery of damages for the cauda equina syndrome which developed following the surgery. Although the testimony established that a dural tear is a relatively common complication of back surgery, both Doctor Kirshenbaum and Doctor Wynn testified that cauda equina syndrome is *not* an ordinary complication of the surgery the plaintiff underwent.

The defendants next argue that summary judgment was properly granted since there are other possible causes of cauda equina syndrome besides the defendants' negligence, including arachnoiditis or an ischemic insult. In support of this argument, they cite *Rinck v. Palos Hills Consolidated High School District No. 230* (1979), 82 Ill. App. 3d 856. There, the plaintiff, a student at the defendant Stagg High School, was injured when a student standing next to him inserted the plug of an electric frying pan into an electrical outlet. (*Rinck*, 82 Ill. App. 3d at 858.) When the plug was inserted, a spark

or fragment hit the plaintiff and caused an electrical shock to his right hand and arm. (*Rinck*, 82 Ill. App. 3d at 858.) The plaintiff filed an action alleging a *res ipsa loquitur* theory of negligence, which the trial court dismissed. (*Rinck*, 82 Ill. App. 3d at 859.) The appellate court affirmed, holding that there were several possible causes for the accident apart from any negligence by the defendants, including that the student using the frying pan could have been negligent or the frying pan may have had an inherent defect for which the manufacturer would potentially be liable. *Rinck*, 82 Ill. App. 3d at 862.

However, in *Gatlin v. Ruder*, our supreme court held that a plaintiff alleging a *res ipsa loquitur* theory of negligence is not required to eliminate *all* possible causes of injury in order to survive a motion for summary judgment. (*Gatlin*, 137 Ill. 2d at 298.) Rather, a plaintiff meets her burden if she raises a question of material fact as to whether her injury more probably than not is the result of negligence. See also *Spidle v. Steward*, 79 Ill. 2d 1; *Barkei v. Delnor Hospital* (1988), 176 Ill. App. 3d 681 (to require a plaintiff to prove conclusively negligence would obviate the purpose of *res ipsa loquitur*, which is to allow proof of negligence by circumstantial evidence when direct evidence of the cause of an injury is primarily within the knowledge and control of the defendant).

It is undisputed in this case that the plaintiff had no symptoms of the illness prior to her back surgery, and Doctor Kirshenbaum and Doctor Wynn testified the cauda equina syndrome was therefore probably caused by some type of nerve damage which occurred during the operation. Doctor Wynn stated that he had no opinion as to whether the plaintiff's injuries were the result of any negligence by the defendants. However, Doctor Kirshenbaum stated that from his experience performing the same type of back surgery over 1,000 times, cauda equina syndrome cannot occur unless there has been a deviation from the standard of care during the surgery. Doctor Kirshenbaum's testimony was sufficient to raise a factual question as to whether the plaintiff's nerve injuries are more probably than not the result of negligence.

The defendants next argue that their motions for summary judgment were properly granted because the plaintiff failed to raise a factual question regarding the second required element of her *res ipsa loquitur* theory, that she was injured by an instrumentality under their exclusive control. The defendants contend that there were other hospital personnel, including an anesthesiologist and some nurses, who also had some control over the surgical instruments during the operation.

"Exclusive control" and "management and control" have been used interchangeably to describe the criterion necessary for application of *res ipsa loquitur*. (*Darrough v. Glendale Heights Community Hospital* (1992), 234 Ill. App. 3d 1055, 1060.) Such control is a flexible standard in which the key question is whether the probable cause of the plaintiff's injury was one which the defendant was under a duty to anticipate or guard against. *Darrough*, 234 Ill. App. 3d at 1060; *Lynch v. Precision Machine Shop, Ltd.* (1982), 93 Ill. 2d 266, 274.

The plaintiff's injuries in this case were the result of damage to the nerve roots that extend down from the bottom of her spinal cord. Both Doctor Kirshenbaum and Doctor Wynn opined that the injuries occurred during the operation. There was testimony that all four of the named defendants used instruments during the operation which could have caused such nerve damage. There was also testimony that an anesthesiologist and other hospital personnel were present during the operation; however, it is not clear from the record whether their participation in the operation was such that they had the opportunity to affect the plaintiff's nerve roots. Thus, a question of material fact exists as to whether the plaintiff was injured by instrumentalities under the exclusive control of the defendants.

Doctor Minster makes a separate argument that summary judgment in his favor should be affirmed because Doctor Kirshenbaum testified that his repair of the plaintiff's dural tear was not the cause of the plaintiff's injuries. We disagree. Doctor Kirshenbaum also testified that retraction during surgery was a possible cause of the plaintiff's cauda equina syndrome and that no retraction should have taken place during the repair. However, Doctor Jacker testified that Doctor Minster did perform retraction during the repair. Therefore, a question of material fact exists as to whether Doctor Minster's repair caused the plaintiff's injuries.

For the foregoing reasons, we reverse the orders of the circuit court granting the defendants' motions for summary judgment and remand the cause for further proceedings.

Reversed and remanded.

COLWELL and PECCARELLI, JJ., concur.