AMERICAN NATIONAL BANK AND TRUST COMPANY OF CHICAGO,
Plaintiff-Appellant, v. NICHOLAS G. DOZORYST *et al.*, Defendants-
Appellees.

First District (3rd Division)    No. 1—92—0184

Opinion filed December 29, 1993.

Fagel & Haber, of Chicago (Steven J. Teplinsky, of counsel), for appellant.

Collins & Bargione, of Chicago (George B. Collins and Christopher Bargione, of counsel), for appellees.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, American National Bank & Trust Company of Chicago (American National Bank), filed an action against defendants, Nicholas Dozoryst, Abraham Brustein, Reid S. Neuman, and Jeffrey Marks, individually and as partners in the law firm of Dozoryst, Brustein, Neuman & Marks (the partnership). Peter Zullo was later added as a partner and a defendant. The action was filed by plaintiff in an effort to collect on promissory notes signed by defendants. The trial court dismissed defendant Brustein as a party and declined a request by plaintiff to conform the pleadings to the proof and find defendant Neuman liable for a certain note. The trial court found the obligations to be solely those of defendant Dozoryst and it entered judgment against plaintiff and in favor of defendants Marks, Neu-

man and Zullo and the partnership. Plaintiff appeals. We reverse and remand.

The issues before this court for review are (1) whether the trial court erred in precluding plaintiff from conforming the pleadings to the proof regarding defendant Neuman; and (2) whether the trial court erred in ruling that the note obligations to plaintiff were the sole obligation of defendant Dozoryst and not of the partnership.

From May 29, 1985, through February 7, 1987, plaintiff received promissory notes signed by each of the individually named defendants. Defendants Dozoryst, Brustein and Neuman executed notes dated May 27, 1985, June 28, 1985, and August 20, 1986. Defendants Dozoryst, Brustein, Neuman, Marks and Zullo all executed notes dated November 1, 1986, and February 1, 1987. Each renewal note funded a prior note.

The firm was dissolved in February of 1987. Subsequent to the dissolution of the firm, plaintiff sued defendants for the amount due on outstanding notes. The action was stayed as to defendant Brustein because he filed for bankruptcy. Brustein was eventually dismissed as a party defendant. During the trial, defendant Brustein testified for plaintiff as an adverse witness. Brustein testified that defendant Dozoryst was the managing partner and that, as such, he was primarily responsible for the finances of the partnership. Brustein further testified that defendant Dozoryst had the authority to deal with plaintiff and that he was the only partner who interacted with plaintiff. Brustein further testified that prior to May 1985, defendant Dozoryst asked him if the debt could be converted into a partnership obligation. Brustein admitted that he signed the notes dated May 29, 1985, and June 28, 1985, and that he knew that by his execution of said notes, the obligation would become a partnership liability. Brustein further testified that around August of 1986, defendant Dozoryst also asked the other partners to sign new notes dated August 20, 1986, and November 1, 1986. Brustein testified that he indicated to defendant Dozoryst that he had promissory notes signed by the other partners in his possession and that defendant Dozoryst would be given the notes on the condition that he brought his time and billing records up to date. Brustein maintained, however, that he did not authorize defendant Dozoryst to deliver the notes dated August 20, 1986, and November 1, 1986, to plaintiff, because defendant Dozoryst failed to bring his time and billing records current.

Subsequently, defendant Neuman testified as an adverse witness on behalf of plaintiff. Defendant Neuman testified that he became a partner with defendants Dozoryst and Brustein in September of 1985. Like Brustein, defendant Neuman testified that defendant Dozoryst

was the managing partner of the law firm and that he was in charge of firm finances. Defendant Neuman also identified his signature on all five of the notes, but he maintained that he did not "recall" signing any of them. With respect to the notes dated May 29, 1985, and June 28, 1985, defendant Neuman testified that although he did not recall signing them, he would have signed them if defendant Dozoryst, a senior partner, had asked him to. Defendant Neuman further testified that he would not have signed the notes dated November 1, 1986, and February 1, 1987, because he was no longer a member of the partnership as of October 1986, and that it was never his intention to give plaintiff said note until defendant Dozoryst completed his bills and time sheets.

Defendant Marks testified that he became a partner with Dozoryst, Neuman and Brustein in October of 1985. Defendant Marks testified that he did not sign any partnership agreement and that, at the time he joined the firm, he was not aware of a business relationship with plaintiff. Defendant Marks further testified that in August of 1986, he learned that defendant Dozoryst had prior loans with plaintiff and that he was asked to sign the loan documents. Defendant Marks stated that he initially refused to sign the notes but then agreed to sign after Brustein told him that signing said documents was a "bargaining chip" needed to induce defendant Dozoryst to complete his time sheets and bills. Defendant Marks further stated that he told Brustein that he would sign the documents so long as they would never be delivered to plaintiff. Defendant Marks testified that he did sign a number of loan documents that were clipped together.

Patrick Hickey, a loan officer for plaintiff, assumed responsibility for plaintiff's account with defendant Dozoryst in January of 1985. Hickey recalled that at that time, defendant Dozoryst was the sole signatory on his promissory note. Hickey further testified that in May of 1985, defendant Dozoryst asked Hickey if his law partners (defendants Brustein and Neuman at that time) could sign the note because the funds loaned by plaintiff related to the partnership in that the funds helped the firm "carry cases and account receivable." Hickey testified that he never had personal contact with the various signatories of the promissory notes other than defendant Dozoryst. Hickey further testified that in a partnership account, it was customary to deal with only one individual.

At the close of the evidence, plaintiff requested permission to conform the pleadings to the proof. Plaintiff's motion was denied. The trial court found that defendant Dozoryst was solely liable for the debt in question. The trial court entered a judgment against

plaintiff and in favor of the partnership and defendants Marks, Neuman and Zullo.

Plaintiff contends on appeal that the trial court erred in precluding plaintiff from amending the pleadings to the proof with respect to defendant Neuman. We agree. Although it is within the trial court's discretion to allow or preclude an amendment to the pleadings, we find that the interests of justice would have been furthered if the trial court had permitted plaintiff to amend the pleadings.

Defendant Zullo joined the partnership as a partner in February 1986. At the time he joined the firm, he was only aware of a firm banking relationship with North Bank. In May of 1986, Zullo was asked by defendant Dozoryst's secretary to sign documents in order that the firm could obtain a loan. Defendant Zullo testified that he signed the documents, believing them to be for the Boulevard Bank. On the next day, after signing the documents, he learned from defendants Brustein and Marks that the documents were for plaintiff and not Boulevard Bank. Defendant Zullo agreed that Brustein would keep the signed documents locked in his desk until such time as defendant Dozoryst completed his time and billing records.

On February 16, 1987, defendants ratified a resolution expelling defendant Dozoryst from the partnership and stating that it would not be bound by any of his attempts to bind the partnership. The resolution was not delivered to plaintiff.

At the close of the evidence, the trial court found that the promissory note obligation was solely that of defendant Dozoryst. The court also declined to conform the pleadings to the proof and find defendant Neuman liable for the June 1985 note. On December 20, 1991, the court dismissed Brustein as a party to the case and entered a judgment against plaintiff and in favor of defendants Marks, Neuman and Zullo and the partnership.

■■ ■ Section 2—616(c) of the Code of Civil Procedure (Code) provides that a pleading may be amended at any time before a judgment is rendered in order to conform the pleadings to the proof. (Ill. Rev. Stat. 1987, ch. 110, par. 2—616(c).) Section 2—616(c) of the Code should be liberally construed so that cases are decided on their merits and not on procedural technicalities. (*Deming v. Montgomery* (1989), 180 Ill. App. 3d 527, 532, 536 N.E.2d 150, 153.) The test for determining whether the trial court properly exercised its discretion is whether the allowance of the amendment furthers the ends of justice. (*Deming*, 180 Ill. App. 3d at 533, 536 N.E.2d at 153-54; *Trident Industrial Products Corp. v. American National Bank & Trust Co.* (1986), 149 Ill. App. 3d 857, 866, 501 N.E.2d 273, 280; *Pickett v. First*

*American Savings & Loan Association* (1980), 90 Ill. App. 3d 245, 250, 412 N.E.2d 1113, 1117.) Also to be considered when determining whether the trial court erred in denying a party permission to amend its pleadings is whether the amendment alters the nature of proof required to defend (*In re C.C.* (1991), 224 Ill. App. 3d 207, 216, 586 N.E.2d 498, 504), and whether the other party would be prejudiced or surprised (*Deming*, 180 Ill. App. 3d at 533, 536 N.E.2d at 154; *Trident Industrial Products Corp.*, 149 Ill. App. 3d at 866, 501 N.E.2d at 280). Any doubt as to whether pleadings should be amended should be resolved in favor of an amendment. *Deming*, 180 Ill. App. 3d at 533, 536 N.E.2d at 154.

■ In the present case, there was factual support in the record for an amendment. When this action was filed in 1987, plaintiff sued defendants on the August 20, 1986, note. It is undisputed, however, that defendants Neuman and Brustein executed the note dated June 28, 1985. At the close of the evidence, plaintiff's counsel asked the trial court for permission to conform the pleadings to the proof and find that the parties who executed the June 1985 note be found liable for it. An amendment would not have altered the nature of proof required to defend the action and there is no indication that defendant was prejudiced or surprised by the amendment. Furthermore, the ends of justice would have been furthered if plaintiff had been allowed to amend its pleadings. Pursuant to the trial court's judgment, the June 1985 note was not discharged. The trial court's denial of plaintiff's requested amendment and conformation of the pleadings to the proof permitted defendant Neuman to avoid payment of the June 1985 note. A note cannot be paid and satisfied by a new promise which goes unfulfilled. *Marengo State Bank v. Meyers* (1967), 89 Ill. App. 2d 421, 433, 232 N.E.2d 75, 82.

In addition, plaintiff contends that the trial court erred in ruling that the note obligations to plaintiff were the sole obligation of defendant Dozoryst and not of the partnership. We agree. Defendants maintain they may not be held liable for the debt on the notes they signed (1) because the notes were not in furtherance of partnership business and (2) because the bank could not properly rely on defendant Dozoryst's representations because it knew that defendant Dozoryst did not have authority to act on behalf of the partnership. We are not persuaded by defendants' arguments.

■ Section 9 of the Uniform Partnership Act (UPA) provides as follows:

"9. Authority of partner to bind the firm, etc.

§ 9. (1) Every partner is an agent of the partnership for the purpose of its business, and the act of every partner \*\*\*, for

apparently carrying on in the usual way the business of the partnership of which he is a member binds the partnership, unless the partner so acting has in fact no authority to act for the partnership in the particular matter, and the person with whom he is dealing has knowledge of the fact that he has no such authority.

(2) An act of a partner which is not apparently for the carrying on of the business of the partnership in the usual way does not bind the partnership unless authorized by the other partners." Ill. Rev. Stat. 1987, ch. 106¹/₂, pars. 9(1), (2).

■ In addition, section 13 of the UPA makes the following pertinent provisions:

"13. Liability of partnership for acts of partner

§ 13. Where, by any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership, or with the authority of his co-partners, loss or injury is caused to any person, not being a partner in the partnership, or any penalty is incurred, the partnership is liable therefor to the same extent as the partner so acting or omitting to act." Ill. Rev. Stat. 1987, ch. 106¹/₂, par. 13.

Section 15 of the UPA, which governs the joint liability of partners, provides as follows:

"15. Joint liability of partners—Partnership contracts

§ 15. All Partners are liable

(a) Jointly and severally for everything chargeable to the partnership under Sections 13 and 14.

(b) Jointly for all other debts and obligations of the partnership; but any partner may enter into a separate obligation to perform a partnership contract." (Ill. Rev. Stat. 1987, ch. 106¹/₂, par. 15.)

Partners who place another partner in charge of the funds of the partnership as the active manager make such partner their agent with authority to bind them in all matters within the apparent scope of the partnership. *Rice-Stix Dry Goods Co. v. Murphy* (1928), 249 Ill. App. 297, 301.

■ The record shows that defendant Dozoryst had apparent authority to bind the partnership. Defendant Dozoryst was the managing partner. As such, he was primarily responsible for making financial decisions for the partnership. Defendant Dozoryst made his status as the principal partner known to the firm's banks, he alone dealt with the banks including plaintiff, and he told plaintiff that the funds related to the business of the partnership. Plaintiff and Hickey knew that defendant Dozoryst was managing partner at the time the notes were signed. There is no evidence, as defendants suggest, that plaintiff believed that defendant Dozoryst did not have authority to

act on behalf of the partnership. (See Ill. Rev. Stat. 1987, ch. $106^{1}/_{2}$, par. 9(1).) Since defendant Dozoryst was permitted to act on behalf of the firm as managing partner, he had apparent authority to bind the partnership in all matters that were apparently for the carrying on of the business of the partnership in the usual way (see Ill. Rev. Stat. 1987, ch. $106^{1}/_{2}$, par. 9(2)), including the obtaining of loans for the purpose of carrying cases and accounts receivable. Accordingly, defendants are not immune to liability on the basis of their argument that defendant Dozoryst alone did not have authority to bind the partnership.

Furthermore, the record establishes that in 1985, defendants Neuman and Brustein agreed to convert defendant Dozoryst's personal note to a partnership note and that defendants Marks and Zullo signed subsequent notes. Even if the debt belonged solely to defendant Dozoryst initially, where partners, in forming a partnership, decide to convert an individual debt into a partnership debt, they all become liable. (*Magrini v. Jackson* (1958), 17 Ill. App. 2d 346, 353, 150 N.E.2d 387, 391.) Defendants themselves testified that they signed subsequent notes as an incentive and a "bargaining chip" to encourage defendant Dozoryst to complete his time sheets so that clients could be billed faster. Defendants admit both the business purpose and the firm's and their individual liability by arguing that they only signed the note dated August 20, 1986, as a "bargaining chip" with defendant Dozoryst and that "had [defendant Dozoryst] brought his time records up to date, the defendant partnership could bill and collect the funds necessary to pay off this minor *firm debt.*" This was unquestionably in furtherance of the partnership's business.

For the aforementioned reasons, we reverse the trial court's judgment in favor of defendants Marks, Neuman and Zullo and the partnership and remand this cause for further proceedings consistent with this opinion.

Reversed and remanded.

TULLY, P.J., and CERDA, J., concur.